Oliver J. H. Stiefel, OSB # 135436
503-227-2212 │ oliver@crag.org
Meriel L. Darzen, OSB # 113645
503-525-2725 │ meriel@crag.org
Crag Law Center
3141 E. Burnside St.
Portland, OR 97214

Erin E. Hogan-Freemole, OSB # 212850
971-417-6851 │ ehoganfreemole@wildearthguardians.org
WildEarth Guardians
301 N. Guadalupe St., Suite 201
Santa Fe, NM 87501

    *Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **OREGON WILD**, an Oregon nonprofit corporation; and **WILDEARTH GUARDIANS**, a New Mexico nonprofit corporation;<br><br>    Plaintiffs,<br><br>    v.<br><br>**UNITED STATES FOREST SERVICE**, **MICHAEL RAMSEY**, in his official capacity as Lakeview Ranger District Ranger; **JEANNETTE WILSON**, in her official capacity as Silver Lake Ranger District Ranger; **RANDY MOORE**, in his official capacity as Chief of the U.S. Forest Service; and **THOMAS VILSACK**, in his official capacity as Secretary of Agriculture,<br><br>    Defendants. | Case No. 1:22-cv-01007-MC<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' BILL OF COSTS** |

## I.    INTRODUCTION.

Pursuant to LR 54-1(b), Plaintiffs Oregon Wild and WildEarth Guardians file these objections to the Defendants' bill of costs (ECF No. 42). The Court should exercise its discretion to refuse the bill of costs in its entirety for equitable reasons, as this case was brought in the public interest. Further, federal agencies have an independent legal duty to create an administrative record for each of their decisions, making it unfair to shift costs associated with such records to public interest organizations. Sanctioning this practice would create significant inequities and disincentives for Plaintiffs and others to fulfill Congress's intent that citizens may seek to hold agencies accountable for violating our bedrock environmental laws in federal court. For these reasons, the Court should refuse to tax any costs.

Alternatively, the Court should refuse to award the majority of the claimed costs, as they were not necessarily incurred copying materials for this case. Defendants rely on an invoice and declarations that reveal the bill to consist primarily of payment to an outside contractor for formatting an administrative record the agency was already required by law to prepare. These tasks do not fall within the narrow confines of 28 U.S.C. § 1920 and were incurred merely for convenience; they are thus not taxable.

## II.    LEGAL STANDARD.

Under Federal Rule of Civil Procedure 54(d), courts have discretion "to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Courts may consider many equitable factors when deciding whether to award costs, including: (i) whether the suit was brought in the public interest, (ii) whether the suit was brought in good faith, and (iii) the chilling effect costs have on future litigants. *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591–93 (9th Cir. 2000) (en banc).

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

As relevant here, 28 U.S.C. § 1920 allows a prevailing party to recover only "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." In enacting this statute, "Congress meant to impose rigid controls on cost-shifting in federal courts." *Crawford Fitting*, 482 U.S. at 444. The Ninth Circuit construes taxable costs "narrowly" based on the Supreme Court's "close reading of the statute and emphasis that '[t]axable costs are limited to relatively minor, incidental expenses.'" *Kalitta Air LLC v. Cent. Texas Airborne Sys. Inc*., 741 F.3d 955, 958–9 (9th Cir. 2013) (quoting *Taniguchi v. Kan Pac. Saipan, Ltd*., 566 U.S. 560, 572 (2012)).

The party claiming costs must support them with an affidavit that "any item of cost … has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. Local Rule 54-1(a) further requires a "detailed itemization" of claimed costs, which "must be described and established with sufficient specificity, particularity, and clarity as to permit a determination that costs are awarded for making copies." *In re Online DVD-Rental Antitrust Litig. v. Netflix*, 779 F.3d 914, 928 (9th Cir. 2015) ("*Netflix*"). Because the burden is on the prevailing party to establish the amount of taxable costs, failure to adequately document claimed costs renders them non-compensable. *In re Ricoh Co., Ltd. Pat. Litig*., 661 F.3d 1361, 1367–69 (Fed. Cir. 2011).

## III.    THE COURT SHOULD DENY THE COST BILL BASED ON THE NINTH CIRCUIT'S EQUITABLE FACTORS.

The Court should require the parties to bear their own costs in full for the equitable reasons identified by the Ninth Circuit: this suit was brought in good faith and in the public interest, and the imposition of costs would have a chilling effect on public interest advocacy. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 592–93. Judges within and outside this District have rejected costs in environmental cases like this one for such reasons. *See*, *e.g.*, *Conservation*

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

*Congress v. U.S. Forest Serv.*, No. 14-1979-TEH, ECF No. 49, at 2–3 (N.D. Cal. August 19, 2015) (Attached as Exhibit A) (denying costs because "[t]he protection of the environment is a widely recognized public benefit, and the vigilance of groups like Plaintiff keeps federal officials honest and furthers Congress's intent in remote areas"); *Wild Wilderness v. Allen*, No. 13-0523-TC, ECF No. 58, at 3 (D. Or. July 23, 2014) (Coffin, Mag.) (Attached as Exhibit B); *Rosemere Neighborhood Ass'n v. City of Vancouver*, No. C04-5667RBL, ECF No. 98, at 2 (W.D. Wash. Nov. 28, 2005) (forcing nonprofits to pay costs "would have a chilling effect on similar future suits").

### A. Plaintiffs filed this suit in good faith to vindicate public interests.

This case has "substantial public importance." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014). The U.S. Forest Service is a federal agency charged with managing roughly 193 million acres of public lands "to sustain the health, diversity, and productivity of the nation's forests and grasslands to meet the needs of present and future generations." *Meet the Forest Service*, FOREST SERVICE, https://www.fs.usda.gov/about-agency/meet-forest-service (last visited August 23, 2023). The agency's interpretation of the National Environmental Policy Act, 42 U.S.C. §§ 4331 *et seq.* ("NEPA"), and its implementing regulations is an issue of significant public interest, as they impact not merely the 29,000 acres on the Fremont-Winema National Forest at issue here but the entire National Forest System.

Plaintiffs brought this suit in good faith to ensure that these public lands are managed in the public interest. Plaintiff Oregon Wild (along with other plaintiffs) recently brought a similar challenge to the Forest Service's interpretation of a Forest Service categorical exclusion, and this Court held in their favor. *Wildlands v. Warnock*, 570 F. Supp. 3d 983 (D. Or. 2021). Although this Court ultimately did not agree with Plaintiffs' arguments here, the effort to hold a public

OBJ. BILL OF COSTS—3

agency accountable was done in good faith. Plaintiffs did not bring this suit to further any commercial interests—as nonprofit organizations, they have no such interests. Rather, they sought to protect the public interest in lawful management of federal public lands. In a similar case, a court rejected defendants' costs bill, recognizing that "[t]he protection of the environment is a widely recognized public benefit, and the vigilance of groups like Plaintiff keeps federal officials honest and furthers Congress's intent in remote areas." *Conservation Congress* (Ex. A) at 2–3; *see also Wild Wilderness* (Ex. B) at 2 ("[T]he action was brought to protect the public interest … and [m]anagement of federal lands is of great public importance.").

Plaintiffs sought to ensure that the federal government was complying with NEPA and honoring the "broad national commitment to protecting and promoting environmental quality" it expresses. 42 U.S.C. § 4331. In enacting NEPA, Congress intended for citizens to enforce such important policies through access to federal courts. *See Or. Natural Desert Ass'n v. BLM*, 625 F.3d 1092, 1099–1100 (9th Cir. 2010) ("[P]ublic scrutiny [is] essential to implementing NEPA."). The Ninth Circuit has explained that "special precautions to ensure access to the courts must be taken where Congress has provided for private enforcement of a statute." *People of State of Calif. ex rel. Van de Kamp v. Tahoe Regional Planning Ag'y*, 766 F.2d 1319, 1325–26 (9th Cir. 1985) (waiving bond "where requiring security would effectively deny access to judicial review") (emphasis added). Thus, the Court should not award costs against Plaintiffs for acting to enforce bedrock environmental laws.

**B.   A cost award would have a chilling effect on public interest organizations.**

In recent years, the federal government has aggressively attempted to recover excessive costs in public interest litigation in certain jurisdictions, including this one. These cost bills have shocked plaintiffs and create a significant chilling effect on future advocacy efforts, due to both

OBJ. BILL OF COSTS—4

their size and their unpredictable and inequitable nature. Such results undermine the policies underlying Congress's uniform and narrow provisions for costs in all federal courts. *See Netflix*, 779 F.3d at 926 (explaining Congress developed uniform federal costs statute in response to "a great diversity of awards" between states that "led to some losing litigants being 'unfairly saddled with exorbitant fees'").

A further inequitable result of these cost bills is forcing plaintiffs to pay the costs of administrative records that agencies are independently legally required to prepare for their decisions—regardless of whether those decisions are later litigated. 5 U.S.C. §§ 556(e), 557(c); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("The focal point for judicial review should be the administrative record *already in existence*, not some new record made initially in the reviewing court.") (emphasis added). As in *Wild Wilderness*, "the fact that the government has been sued should not be an opportunity for the government to recoup costs of a record it is required by law to create." Ex. B at 3. Defendants are also required to produce these administrative records under the Freedom of Information Act ("FOIA") to nonprofit organizations like Plaintiffs, who qualify for fee waivers when such disclosure is in the public interest. 5 U.S.C. § 552(a)(4)(A)(iii) (FOIA fee waiver provision). Such serious issues of equity and fairness warrant a denial of the cost bill in full.

Through cases like this one, Plaintiffs and other conservation organizations help ensure that federal agencies properly manage public lands and remain accountable to the public they serve. Recent cost awards are already having a chilling effect on nonprofit organizations that use federal courts as a means of last resort to protect the interests of their members and the public. Plaintiffs therefore respectfully ask the Court to follow the reasoning in cases like *Conservation Congress* and *Wild Wilderness* and deny the bill of costs in full.

OBJ. BILL OF COSTS—5

**IV.    ALTERNATIVELY, THE COURT SHOULD DENY COSTS THAT ARE
UNNECESSARY, INADEQUATELY DOCUMENTED, AND NON-
COMPENSABLE.**

Even if the Court were to consider Defendants' bill of costs, most of the claimed

expenses do not qualify for an award, as they are not within the narrow categories enumerated by

28 U.S.C. § 1920 and lack support to show they were necessarily incurred in this case.

Defendants seek costs totaling $4,635.80, which they claim were incurred "for formatting,

preparing, and making copies of the Administrative Records for judicial review of the Forest

Service decisions challenged in this civil action." Declaration of Sean Martin ¶ 2 (ECF No. 43).

But the supporting invoice and affidavits do not show that these costs were essential to making

copies necessary for the case; rather, to the extent that they contain any specific information, the

documents show that the bulk of the expenses were incurred solely for the convenience of

counsel. They are thus not compensable under 28 U.S.C. § 1920. If the Court finds that any cost

award is due, it should reject all but the $174.00 actually incurred in copying the record. *See*

Declaration of Lana Brubacher (ECF No. 44) ¶ 3 (stating that copying record onto flash drives

was billed at $174.00 and describing other, preparatory work billed at $4,461.80), and the $20

docket fee. Alternatively, this Court should at most award costs of 10 cents per page, the

standard copying rate recognized by the Ninth Circuit.

Under federal statute, "[f]ees for … copying are permitted only for the physical

preparation and duplication of documents, not the intellectual effort involved in their

production." *Zuill v. Shanah*, 80 F.3d 1366, 1371 (9th Cir. 1996) (citation omitted). Appellate

courts have refused costs for many tasks completed when parties produce electronic documents,

such as those done for convenience. *See Netflix*, 779 F.3d at 929–32 (explaining costs completed

"solely for the convenience of counsel" and not "essential to the making of copies necessary to

OBJ. BILL OF COSTS—6

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

the case" are not taxable); *Country Vinter of North Carolina, LLC v. E.& J. Gallo Winery, Inc*., 718 F.3d 249, 258-261 (4th Cir. 2013) (holding electronic processing costs not taxable); *CBT Flint Partners, LLC v. Return Path, Inc*., 737 F.3d 1320, 1328 (Fed. Cir. 2013) ("[O]nly the costs of creating the produced duplicates are [recoverable], not a number of preparatory or ancillary costs commonly incurred leading up to, in conjunction with, or after duplication."). In record review cases, the labor required to "prepare" and "format" the administrative record is not taxable under 28 U.S.C. § 1920.[1] *See Country Vintner of N. Carolina, LLC v. E. & J. Gallo Winery, Inc*., 718 F.3d 249, 260 (4th Cir. 2013) (holding that organizing and coding of administrative record or electronic files generally is not a statutorily allowed cost); *Netflix*, 779 F.3d at 925–26 (citing *Country Vintner* with approval and reiterating narrow scope of § 1920).

Defendants here rely on a declaration and an invoice that fail to establish that their outsourced labor expenses were necessarily incurred to copy the administrative record. Defendants state only that they "incurred costs for formatting, preparing, and making copies of the Administrative Records" totaling $4,635.80. ECF No. 43 ¶ 2. This fails to meet their burden to clearly and specifically justify why these costs were necessarily incurred in this case. *See Netflix*, 779 F.3d at 928–30.

Additionally, these costs were incurred on tasks other than copying the record and are thus not statutorily taxable. *See CBT Flint Partners*, 737 F.3d at 1328. The invoice from the third-party contractor Defendants retained to "format" and "prepare" the record includes 127.48 hours of "IT Dept./computer time." ECF No. 44 at 3. The attached declaration states that this

> included computer time (for converting all images and documents to PDF format),
> adding Optical Character Recognition ("OCR") to make the PDF images word

---

[1] As previously noted, the Forest Service was already obligated to prepare the administrative record, most of which was already in electronic format and publicly available on government websites. *See*, *e.g*., PAR_1–3583; SWAR_1–397, 920–1591, 1658–1773, 12097–12111.

OBJ. BILL OF COSTS—7

searchable, electronically Bates stamping the PDF images, prepping an index of all Administrative Record documents and adding Bates-stamp numbers to the index, and hyperlinking the documents listed in the index to the documents themselves.

*Id*. ¶ 3. These tasks do not constitute "copying" documents necessary for the case. *See Or. Natural Desert Ass'n v. Cain*, No. 12-1551-PK, ECF No. 73 at 5 (D. Or. June 23, 2014) (Papak, J.) (Attached as Exhibit C) (rejecting costs for coding, OCRing, document conversion, and other tasks that BLM failed to prove "were necessary"); *Bark v. U.S. Forest Serv*., No. 12-1505-RC, ECF No. 52 at 8 (D.D.C. December 31, 2014) (Attached as Exhibit D) (rejecting costs for adding Bates numbers to record, despite benefits to the court, because "adding such numbers simply does not constitute 'making copies' under § 1920(4)"); *Tahoe Tavern Property Owners Ass'n v. U.S. Forest Serv*., 2007 WL 1725494, at *2 (E.D. Cal. June 14, 2007) (rejecting labor costs to prepare and index the record).

Moreover, to the extent that any of this preparatory labor might properly be described as necessary to copy the record, it is impossible to determine from the supporting declarations and invoice what portion—if any—of the claimed hours were compensable. The documents simply do not describe the costs with sufficient "specificity, particularity, and clarity" to award costs. *Netflix*, 779 F.3d at 928. The third-party invoice and declaration show these labor expenses—$4,461.80 of the $4,635.80 total bill—as a 127.48-hour block. ECF No. 44 at 4. Because neither the invoice nor the affidavit specifies how much time was spent on each task, it would be impossible to determine how much, if any, of the costs were taxable even if the Court considered some of these activities compensable. *See Ricoh Co., Ltd*., 661 F.3d at 1367–69. The $4,461.80 claimed for "IT Dept./computer time" must therefore be rejected.

The only claimed costs that fit the narrow category taxable under 28 U.S.C. § 1920 are the $20 docket fee and the $174.00 incurred for "burning the final Administrative Record

OBJ. BILL OF COSTS—8

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

document and indices onto a flash drive along with ten copies," as this task consisted of copying

the record. ECF No. 44 ¶ 3. The 127.48 hours of "IT Dept./computer time," in contrast, were

spent on the preparatory tasks of organizing, indexing, and formatting—not copying—the record,

and are therefore not compensable. *See CBT Flint Partners*, 737 F.3d at 1328 (rejecting bill for

"preparatory or ancillary costs commonly incurred leading up to, in conjunction with, or after

duplication"). In the event that the Court awards any costs, they should therefore be limited to

$194.00.

As to the additional $4,635.80, Defendants have failed to satisfy their burden of

establishing that the expenditures were necessary and within the narrow statutory confines of 28

U.S.C. § 1920. The Court should reject these expenses. *See English v. Colo. Dep't of Corr.*, 248

F.3d 1002, 1013 (10th Cir. 2001) ("[T]he burden is on the prevailing [party] to establish the

amount of compensable costs and expenses to which they are entitled. Prevailing parties

necessarily assume the risks inherent in a failure to meet that burden.").

If this Court is nonetheless inclined to award costs for "exemplification," however, it

should do so on a per-page basis, at no more than 10 cents per page.[2] Such a rate comports with

Ninth Circuit rules. *See* Ninth Circuit Rule 39-1.3 (providing that costs are to be taxed "at a rate

not to exceed 10 cents per page, or at actual costs, *whichever is less*") (emphasis added); *see also*

*Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, No: 3:17-cv-00553-LRH-WGC, ECF No.

68, at 6 (D. Nev. Sept. 19, 2019) (Exhibit E) (conceding that costs are limited to 10 cents per

page in Ninth Circuit jurisdictions).

///

---

[2] This amounts to $2,008.50, as the Baby Bear (774), Bear Wallow (3,136), Policy (3,698), and South Warner (12,477) administrative records total 20,085 pages.

OBJ. BILL OF COSTS—9

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

## V.    CONCLUSION.

For all of the above reasons, Plaintiffs respectfully request that the Court deny

Defendants' bill of costs.


DATED this 31st day of August, 2023.

Respectfully submitted,

/s/ Oliver J. H. Stiefel
Oliver J. H. Stiefel, OSB # 135436
Crag Law Center

*Attorney for Plaintiffs*

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*