# EXHIBIT E

*Ctr. Biological Diversity v. Bureau of Land Mgmt.*,
No: 3:17-cv-00553-LRH-WGC, ECF No. 68
(D. Nev. Sept. 19, 2019)

JEAN E. WILLIAMS
Deputy Assistant Attorney General
LUTHER L. HAJEK, CO Bar No. 44303
JOHN S. MOST, VA Bar No. 27176
Trial Attorneys
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th St., S. Terrace – Suite 370
Denver, CO 80202
Tel.: (303) 844-1376
Email: luke.hajek@usdoj.gov

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
HOLLY A. VANCE
Assistant United States Attorney
100 W. Liberty Street, Ste. 600
Reno, NV 89501
Tel.: (775) 784-5438
Email: Holly.A.Vance@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES BUREAU OF LAND MANAGEMENT, et al,<br><br>Defendants. | Case No: 3:17-cv-00553-LRH-WGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTION TO DEFENDANTS' BILL OF COSTS** |

# INTRODUCTION

As a prevailing party, the government is entitled to be reimbursed for the reasonable costs associated with the litigation. Plaintiffs oppose the bills of costs on two grounds: (1) that the costs of reproducing the administrative record are not recoverable under Local Rule 54-6(b), and (2) assuming such costs are taxable, costs should be denied because Defendants have not provided sufficient information to justify the costs. Neither of these grounds are sufficient to overcome the statutory presumption that costs should be awarded to the prevailing party or that the claimed costs are unreasonable. Indeed, Defendants have claimed only the costs of reproducing the administrative record at the rate authorized by the Ninth Circuit, and such costs have been routinely awarded by district courts in this circuit. Moreover, there is no exception in the applicable statute for environmental cases or for non-profit organizations, and Plaintiffs have offered no evidence to suggest that they would be unable to pay the claimed costs.

# ARGUMENT

## I. The Costs of Producing the Administrative Record Are Taxable

The costs are of preparing the administrative record may be taxed and awarded to the government under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920. "[L]iability for costs is a normal incident of defeat," *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981), and "represents the fair price of unsuccessful litigation." *Baez v. U.S. Dep't of Justice*, 684 F.2d 999, 1003 (D.C. Cir. 1982). "Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, requiring the losing party to show why costs should not be awarded." *Idaho Potato Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 723 (9th Cir. 2005). "A district court deviates from normal practice when it refuses to tax costs to the losing party," and therefore the Court may award costs solely on the basis "that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). In civil cases, "the United States [can] recover the same costs as if [it] were a private individual." *Pine River Logging & Improvement Co. v. United States*, 186 U.S. 279, 296 (1902). There is no exception for environmental cases, and "NEPA plaintiffs are not immune from awards of costs to prevailing parties." Order re

1   Request to Recover Costs at 5, *Shasta Resources Council v. U.S. Dep't of the Interior*, No. 2:08-
2   cv-645-WBS-CMK, ECF No. 62 (E.D. Cal. May 12, 2009) ("*Shasta Resources* Order"), attached
3   as Ex. 1.

4         Defendants have only requested costs for the reproduction of the administrative record.
5   The statute expressly provides for taxing "the costs of making copies of any materials where the
6   copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also Crawford*
7   *Fitting Co. v. Js.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). As Plaintiffs recognize, in an
8   Administrative Procedure Act ("APA") case, the preparation and production of the
9   administrative record is necessary for the litigation of the case. *See, e.g., Camp v. Pitts*, 411 U.S.
10  138, 142 (1973). Accordingly, courts have routinely taxed the cost of copying the administrative
11  records in environmental cases. *See, e.g., Klamath Siskiyou Wildlands Ctr. v. Grantham*, No.
12  2:11-cv-1647-MCE-CMK, 2013 WL 3283490, at *2-3 (E.D. Cal. June 27, 2013), *rev'd on other*
13  *grounds*, 642 Fed. App'x 742 (9th Cir. 2016); *League to Save Lake Tahoe v. Tahoe Regional*
14  *Planning Agency*, No. 3:09-cv-478-RCJ-RAM, 2012 WL 3206412, at *2 (D. Nev. Aug. 3, 2012);
15  *Conservation Congress v. U.S. Forest Serv.*, No. 2:08-cv-2483-GEB-DAD, 2010 WL 2557183,
16  at *1 (E.D. Cal. June 21, 2010), *aff'd* 371 Fed. Appx. 723 (9th Cir. 2010); *Shasta Resources*
17  Order at 8; *Tahoe Tavern Property Owners Ass'n v. U.S. Forest Serv.*, No. Civ. S-06-407
18  LKK/GGH, 2007 WL 1725494, at *2 (E.D. Cal. June 14, 2007).

19        Against the weight of authority in favor of awarding the costs of reproducing the
20  administrative record, Plaintiffs posit that Local Rule 54-6(b) prohibits an award of such costs.
21  But the rule does not mention administrative records and instead prohibits the taxing of costs for
22  the copying of "motions, pleadings, notices, and other routine case papers." Local Rule 54-6(b).
23  A plain reading of the rule indicates that it was intended to disallow the costs for copying
24  motions and other documents filed in the case. But an administrative record is not a routine case
25  paper, and the rule does not prohibit the costs of reproducing the administrative record, which in
26  an APA case, is clearly "necessarily obtained for use in the case." 28 U.S.C. § 1920(4).
27  Plaintiffs simply offer no case law to support their theory that the local rules prohibit an award of
28

1  the costs of producing the administrative record. Indeed, they admit that such costs have been
2  awarded in this district. *See League to Save Lake Tahoe*, 2012 WL 3206412, at *2.

3    Finally, Plaintiffs' assertion that by bringing the lawsuit, they were seeking to further the
4  public interest by enforcing environmental laws is insufficient to overcome the presumption in
5  favor of awarding costs to the prevailing party. In considering whether Plaintiffs have overcome
6  the presumption in favor of awarding costs, the Court may consider whether the awarding of
7  costs would result in a "severe injustice," the importance of the issues raised in the case, and the
8  potential chilling effect on future litigants, among other factors. *Save Our Valley*, 335 F.3d at
9  945-46. Plaintiffs, however, fail to address these factors. Simply asserting that they sought to
10 further the public interest is insufficient to overcome the presumption in favor of awarding costs,
11 and courts have routinely granted the cost of copying administrative records to the prevailing
12 party in public interest environmental cases. *See, e.g., Williams-Thomas v. Richfield Hospitality
13 Servs., Inc.*, No. 98ca6849, 2000 WL 35501019 (D.C. Sup. Ct. Nov. 30, 2000); *Friends of Tahoe
14 Forest Access v. U.S. Dep't of Agric.*, 12-CV-01876-JAM-CKD, 2014 WL 1575622, at *2 (E.D.
15 Cal. Apr. 17, 2014) (granting costs to Forest Service in the amount of $14,875.23); *Pit River
16 Tribe v. Bureau of Land Mgmt.*, 2:04-CV-00956-JAM-JFM, 2013 WL 6185240, at *3 (E.D. Cal.
17 Nov. 26, 2013) (awarding $19,851.60 in costs to the Government in APA suit); *Friends of
18 Everglades v. S. Fla. Water Mgmt. Dist.*, 865 F. Supp. 2d 1159, 1172 (S.D. Fla. 2011) (awarding
19 $13,648.64 to a public utility in a Clean Water Act suit). The fact that Plaintiff is a non-profit
20 organization does not change the analysis. *See, e.g., Klamath Siskiyou*, 2013 WL 3283490, at *
21 2; *Shasta Resources* Order at 4-7; *Conservation Congress*, 2010 WL 2557183, at *1. Moreover,
22 Plaintiffs have not demonstrated that they are unable to pay the reasonable costs requested by
23 Defendants.

24   Accordingly, Defendants should be awarded the costs of reproducing the administrative
25 record.

26
27
28

## II. Defendants Have Appropriately Documented the Costs Associated with Reproducing the Administrative Record, and the Costs Are Reasonable

Defendants' costs of reproducing the administrative record are reasonable and are sufficiently documented. Defendants request the cost of the flash drives, which were used to distribute the record to the parties and the Court, and the cost of reproducing the record. *See* Declaration of Kemba Anderson ¶ 3 (ECF No. 66-1). The cost of reproducing the record was taxed at $0.10 per page pursuant to Ninth Circuit Rule 39-1.3. Plaintiffs seek to limit the award to just the cost of the flash drives, but they offer no basis for that request.

First, the cost of reproducing the record in electronic form is compensable under 28 U.S.C. § 1920. "[R]ecoverable [C]osts under section 1920(4) are those costs necessary to duplicate an electronic document in as faithful and complete a manner as required by rule, by court order, by agreement of the parties, or otherwise." *CBT Flint Partners, LLC v. Return Path, Inc.*, 737 F.3d 1320, 1328 (Fed. Cir. 2013); *Shasta Resources* Order at 8 ("the taxable costs provided in 28 U.S.C. § 1920(4) have been 'extended to include a prevailing party's costs of electronic scanning and imaging'") (quoting 21A *Federal Procedure, Lawyers Edition* § 51:101 (2008)); *see also Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012) (finding that PDF and CD are both taxable forms of modern copying); *Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc.*, 718 F.3d 249, 261 (4th Cir. 2013) (conversion of native files to PDF and transferal to CDs constitute "making copies" under 28 U.S.C. § 1920(4)); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 928 (9th Cir. 2015) (recognizing that certain costs associated with reproducing documents in the context of electronic discovery are compensable).

Second, Defendants agree that the costs may be claimed only for the actual duplication of documents and not for the "intellectual effort involved in their production." *See Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (citation omitted). In the context of the preparation of an administrative record, this means that the agency is entitled to claim the costs of reproducing the record in electronic form, but may not be able to claim all of the time spent by its employees compiling the record and preparing it for filing. *See Bark v. U.S. Forest Serv.*, No.

4

1:12-cv-1505-RC, 2014 WL 12768161, at *4-5 (D.D.C. Dec. 31, 2014) (finding that the costs claimed for removing paper clips and sticky notes, bates numbering, ensuring legibility, and indexing the record were not compensable). But the agency is entitled to recoup the costs associated with reproducing the documents in electronic form, which includes converting the documents from their native format into PDF documents, scanning of documents, and copying them onto electronic media. *Id.* at *3-4. Courts have found that $0.10 to $0.15 per page is reasonable for reproducing documents either on electronic media or in paper form. *See id.* at *4 (authorizing $0.15 per page for scanning an administrative record); *Salazar v. District of Columbia*, 30 F. Supp. 3d 47, 65–66 (D.D.C. 2014) (granting $0.15 per page for copying and scanning costs); *A.T.O. Golden Constr. Corp. v. Allied World Ins. Co.*, No. 17-24223-Civ-WILLIAMS/TORRES, 2019 WL 2245507, at *5 (S.D. Fla. Apr. 17, 2019) (authorizing $0.10 per page for copying costs); *Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1379 (Fed. Cir. 2006) (authorizing $0.15 per page for copying costs). In the Ninth Circuit, however, costs are limited by rule to $0.10 per page, which is what Defendants are claiming.

Third, an agency need not hire an outside vendor in order to seek costs for preparing an administrative record. Instead, the government is entitled to recoup the internal cost of having its employees prepare the copies of the record in-house. *See Pierson v. Ford Motor Co.*, No. C 06-6503 PJH, 2010 WL 431883, at *7 (N.D. Cal. Feb. 2, 2010) (allowing costs for in-house copying, but reducing the requested rate from $0.25 per page to $0.10 per page); *see also Van v. Language Line, LLC*, No. 14-CV-03791-LHK, 2016 WL 5339805, at *18 (N.D. Cal. Sept. 23, 2016) (same). Plaintiffs suggest that the reproduction of the record essentially has no cost to the agency because it already exists in the agency's records. That is simply not the case. The reference in the case law to "the administrative record already in existence," *Camp*, 411 U.S. at 142, means that the record should consist of documents already in the agency's possession, not that an actual record is already prepared and has been reproduced for litigation. Plaintiffs suggest that, under Ninth Circuit Rule 39-1.3, Defendants must provide evidence of actual costs for making in-house copies, but courts generally have not required such proof. *See Pierson*, 2010 WL 431883, at *7 ("The court finds that $0.10 per page is a reasonable rate for in-house

5

|   |   |
|---|---|
| 1 | copying charges."); *Van*, 2016 WL 5339805, at *18 (noting that the plaintiffs made the copies |
| 2 | themselves and provided no invoices, but authorizing copying costs at a rate of $0.10 per page); |
| 3 | *see also Miele v. Franklin Res., Inc.*, No. 15-cv-00199-LB, 2019 WL 1517720, at *5 (N.D. Cal. |
| 4 | Apr. 8, 2019) ("Courts generally limit in-house copying costs to what is fair and reasonable."). |

## CONCLUSION

In sum, as explained above, Plaintiffs' objections to Defendants' bill of costs are without merit. Accordingly, the Court should reject Plaintiffs' objections and award Defendants the requested costs of $6,772.52.

Dated: September 18, 2019         Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

*/s/ Luther L. Hajek*_____
LUTHER L. HAJEK, CO Bar No. 44303
Trial Attorney
Natural Resources Section
999 18th St., S. Terrace – Suite 370
Denver, CO 80202
Tel.: (303) 844-1376
Fax: (303) 844-1350
Email: luke.hajek@usdoj.gov

*/s/ John S. Most*_____
JOHN S. MOST, VA Bar No. 27176
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel.: (202) 616-3353
Fax: (202) 305-0506

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
HOLLY A. VANCE
Assistant United States Attorney
100 W. Liberty Street, Ste. 600
Reno, NV 89501
Tel.: (775) 784-5438
Email: Holly.A.Vance@usdoj.gov

*Attorneys for Defendants*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

7

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing is being filed with the Clerk of the Court using the CM/ECF system, thereby serving it on all parties of record on September 18, 2019.

/s/ *Luther L. Hajek*
LUTHER L. HAJEK
U.S. Department of Justice
Environment and Natural Resources Division

*Counsel for Defendants*

8