IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON WILD and WILDEARTH
GUARDIANS,

        Plaintiffs,

   v.

UNITED STATES FOREST SERVICE,
MICHAEL RAMSEY, JEANNETTE
WILSON, RANDY MOORE, and
THOMAS VILSACK,

        Defendants.

Case No. 1:22-cv-01007-MC

**OPINION & ORDER**

**MCSHANE, Judge**:

      Plaintiffs Oregon Wild and WildEarth Guardians brought this action against Defendant United States Forest Service ("USFS") and Defendants Michael Ramsey, Jeannette Wilson, Randy Moore, and Thomas Vilsack in their official capacities (collectively, "Defendants") for alleged violations of the Administrative Procedure Act ("APA") and the National Environmental Policy Act ("NEPA"). Following oral argument on the parties' cross-motions for summary judgment, the Court issued an order ruling in Defendants' favor. Op. & Order 12, ECF No. 40.

      Defendants timely filed a bill of costs seeking $4,655.80 pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920. ECF No. 42. *Id*. Plaintiffs object to Defendants' Bill of Costs. Obj. Bill of Costs, ECF No. 46.

1 – OPINION AND ORDER

## DISCUSSION

Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Assoc. of Mex.-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). If a district court decides to disallow costs, it must "specify reasons for its refusal to award costs." *Id*. A district court does not need to give affirmative reasons for awarding costs; only that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). The burden is ultimately "incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

Defendants seek $4,655.80 in costs for docket and exemplification fees. Bill of Costs 1. Plaintiffs move the Court to exercise its discretion and disallow award costs completely. In the alternative, Plaintiffs ask the Court to limit costs to $194.00 for claimed costs allowable under 28 U.S.C. § 1920. As explained below, the Court GRANTS Defendants' Bill of Costs.

I.   **The Court's Discretion to Deny Costs**

A district court may consider equitable justifications when deciding whether to deny costs to a prevailing party. *See Escriba v. Foster Poultry Farms, Inc*. 743 F.3d 1236, 1247–48 (9th Cir. 2014). Plaintiffs argue that the parties should bear their own costs because: (1) the suit was brought in the public interest, (2) the suit was brought in good faith, and (3) awarding costs would cause a potential chilling effect on future litigants. Obj. Bill of Costs 2–5. After reviewing Defendants'

Bill of Costs and the parties' pleadings, the Court is not persuaded that Plaintiffs' justifications rebut Rule 54's presumption entitling Defendants, as the prevailing parties, to recover costs.

### A. Public Interest

To start, the Court recognizes that this case, like many NEPA cases, addresses an important environmental concern about the ways the USFS implements its regulations. But just because a case is brought in the public interest does not mean it is one of *substantial* public importance. Because costs are awarded in the *ordinary* case under Rule 54(d), Plaintiffs must articulate why their case is *extraordinary* and has such public importance that the Court should rebut the Rule's presumption. *See Assoc. of Mex.-Am. Educators*, 231 F.3d at 593.

Plaintiffs' objection emphasizes the potential environmental impacts of USFS's interpretation of the NEPA. Obj. Bill of Costs 3. Other courts within the Ninth Circuit have considered the public importance of environmental regulation interpretation cases, and we agree with our sister districts that general subject matter arguments are not cases of substantial public importance. *See e.g. Friends of Tahoe Forest Access v. Dep't of Agric.*, No. 12-cv-01876 JAM-CKD, 2014 WL 1575622, at *3 (E.D. Cal. Apr. 17, 2014) ("[A]lthough NEPA cases are important, the nature of the case in and of itself is insufficient for a court to refuse to award costs."); *Los Padres Forestwatch v. United States Forest Serv.*, 2:19-cv-05925-VAP-KSx, 2021 WM 761731, at *2 (C.D. Cal. Feb. 25, 2021) ("While NEPA cases address important issues, this case does not present issues of the gravest public importance[.]") (internal quotation omitted). The Court will not allow Plaintiffs to hide behind the subject matter of the litigation they initiated to avoid paying costs Congress intended them to pay under Rule 54(d).

B. <u>Good Faith</u>

Next, Plaintiffs assert that they brought this suit in good faith to ensure public lands are being managed in the public interest. Obj. Bill of Costs 3. Although the Court is glad to hear that Plaintiffs allegedly lack an ulterior motive for pursuing litigation, Rule 11(b) requires pleadings and motions—such as those filed throughout this litigation—to be brought in good faith. Fed. R. Civ. P. 11(b). The Court assumes that Plaintiffs and Defendants both acted in good faith throughout this action. But Plaintiffs' good faith does not demonstrate that this case is one of the extraordinary instances in which the Court should refuse costs to the prevailing party.

C. <u>Chilling Effect on Future Litigation</u>

Finally, Plaintiffs argue that a cost award would have a chilling effect on public interest organizations. Obj. Bill of Costs 4. The Court concludes that Plaintiffs have not provided sufficient evidence that an award of costs would be inequitable or create a chilling effect on future public interest actions.

The Ninth Circuit has explained that the "financial resources of the plaintiff" and the effect of imposing "high costs on losing civil rights plaintiffs of modest means" are considerations a district court should undertake when deciding whether to award costs. *Stanley*, 178 F.3d at 1079–80. In doing so,

> [A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award. . . . *Stanley* only held that, in the rare occasion where severe injustice will result from an award of costs (such as the injustice that would result from an indigent plaintiff's [sic] being forced to pay tens

of thousands of dollars of her alleged oppressor's legal costs), a district court abuses its discretion by failing to conclude that the presumption has been rebutted." *Save Our Valley*, 335 F.3d at 945–46. Here, Plaintiffs have not overcome the presumption in favor of an award of costs. Plaintiffs have no demonstrated that a severe injustice will result from an award of costs, and the relatively small sum requested by Defendants would not chill future public interest litigation.

## II. Exemplification Costs

In the alternative, Plaintiffs argue that Defendants cannot recover most of their claimed expenses under 28 U.S.C. § 1920. Obj. Bill of Costs 6. Plaintiffs ask the Court to limit costs to the $194.00 that Defendants incurred in copying the record and paying the docket fee. *Id*.

Although a district court has broad discretionary power to allow or disallow a prevailing party to recoup the costs of litigation, the Court may not tax costs beyond those authorized by 28 U.S.C. § 1920. *Mata v. Oregon Health Auth.*, Civ. No. 6:13-cv-485-MC, 2017 WL 11726361, at *1 (D. Or. Mar. 6, 2017) (quotation and citation omitted). 28 U.S.C. § 1920 provides an enumerated list of expenses that the Court may tax as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under 28 U.S.C. § 1923;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

Moreover, the prevailing party must provide the Court with a "detailed itemization of all claimed costs" and "appropriate documentation." LR 54.1(a). The bill of costs must be accompanied by an affidavit verifying that the items within the bill of costs are correct, have been

5 – OPINION AND ORDER

necessarily incurred in the case, and the services for which fees have been charged were actually and necessarily performed. 28 U.S.C. § 1924

Defendants seek $4,461.80 in fees for exemplification to account for the costs of converting all images and documents to PDF format, electronically Bates stamping the PDF images, preparing an index of all Administrative Record documents, adding Bates-stamp numbers to the index, hyperlinking the documents listed in the index to the documents themselves, and adding Optical Character Recognition to make the PDF images word searchable. Brubacher Decl. ¶ 3, ECF No. 44. Plaintiffs object to the exemplification costs as non-essential and incurred for counsel's convenience. Obj. Bill of Costs 6.

In an earlier action between these parties, another court within the District of Oregon concluded that "costs associated with the formatting and preparing of the administrative record are proper and necessarily incurred to produce electronic copies." *Oregon Wild v. United States Forest Serv.*, No. 1:14-cv-00981-PA, 2015 WL 4609975, at *2 (D. Or. July 31, 2015). Likewise, the Ninth Circuit has affirmed costs analogous to those requested by Defendants as necessary to produce an administrative record to the Court. *See In re Online DVD Rental Antitrust Litig.*, 779 F.3d 914, 927 (9th Cir. 2015) ("The faithful production of electronically stored information may require processes such as optical character recognition (which renders material text-searchable), preservation of metadata, and conversion to a non-editable file format."); *see also Bark v. Northrop*, 607 F. App'x 652, 655 (9th Cir. 2015) (affirming district court's award of costs for TIFF conversion, Bates stamping, and coding the administrative record). The Court sees no reason to deviate or distinguish this case from the precedent established within our Circuit.

Defendants have provided the Court with a sufficiently detailed bill of costs and a supporting declaration. Bill of Costs 1, 3; Brubacher Decl. ¶ 3. Because Defendants' costs are reasonable, the Court will award Defendants' requested costs under 28 U.S.C. § 1920.

## **CONCLUSION**

Defendants' Bill of Costs (ECF No. 42) is GRANTED in full.

IT IS SO ORDERED.

DATED this 14th day of November, 2023.

                        ___s/Michael J. McShane_____
                              **Michael J. McShane**
                             **United States District Judge**