IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| OREGON WILD, *an Oregon nonprofit corporation*; and WILDEARTH GUARDIANS, *a New Mexico nonprofit corporation*,<br><br>    Plaintiffs,<br> v.<br><br>UNITED STATES FOREST SERVICE; MICHAEL RAMSEY, *in his official capacity as Lakeview Ranger District Ranger*; JEANNETTE WILSON, *in her official capacity as Silver Lake Ranger District Ranger*; RANDY MOORE, *in his official capacity as Chief of the U.S. Forest Service*; and THOMAS VILSACK, *in his official capacity as Secretary of Agriculture*,<br><br>    Defendants. | Case No. 1:22-cv-01007-MC<br><br>OPINION AND ORDER |

MCSHANE, Judge:

  Before the Court is Plaintiffs Oregon Wild and WildEarth Guardians' Motion for Leave to Amend/Supplement the Complaint. ECF No. 55. Plaintiffs, pursuant to Federal Rule of Civil Procedure 15(a)(2), move to supplement the allegations within the complaint, add a third claim, and join a third plaintiff. Defendants oppose, arguing that the proposed amendments are dilatory, prejudicial, and futile. Defs.' Resp., ECF No. 57. Because the Court finds that the Plaintiffs' amendments are timely and do not cause undue prejudice to the Defendants, the Court GRANTS Plaintiffs' Motion.

1 – Opinion & Order

## **BACKGROUND**

On July 12, 2022, Plaintiffs Oregon Wild and WildEarth Guardians filed their original complaint, seeking declaratory and injunctive relief under the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA"). Compl. ¶¶ 1, 6, ECF No. 1. Plaintiffs challenged the Forest Service's authorization of three logging projects under a categorical exclusion, CE-6, arguing that an environmental impact statement or an environmental assessment was required by the agency. *Id.* at ¶ 5. Plaintiffs alternatively claimed that CE-6 does not apply to activities of the type and scale authorized by the projects, but if it does, then CE-6 is unlawful as applied. *Id.* at ¶¶ 5–6.

On the first claim, this Court granted summary judgment in favor of Defendants, finding that CE-6 does apply and its use was not in violation of the APA. Op. and Order 13, ECF No. 40. On the second claim, this Court granted summary judgment in favor of Defendants, finding that the claim was time-barred under the six-year statute of limitations for as-applied challenges set forth in *Wind River Mining Corp. v. United States*, 946 F.2d 710 (9th Cir. 1991). *Id.* at 17.

On August 28, 2023, Plaintiffs filed their Notice of Appeal. ECF No. 45. The Ninth Circuit affirmed summary judgment as to the first claim, holding that Defendants did not violate the APA. *Or. Wild v. U.S. Forest Serv.*, No. 23-35579, 2024 WL 4286965, at *1 (9th Cir. 2024). However, the Ninth Circuit vacated and remanded the second claim, concluding that the Supreme Court's recent decision in *Corner Post, Inc. v. Bd. of Governors of the Fed. Rsrv. Sys.*, 603 U.S. 799 (2024) likely abrogated *Wind River*'s rule. *Id.* at *3. On remand, this Court is directed "to apply *Corner Post* in the first instance to determine whether [claim two] is time-barred." *Id.*

Plaintiffs now move, over Defendants' objections, to amend and supplement their complaint. Pls.' Mot. 1; Defs.' Resp. 1. Plaintiffs seek to add "GO Alliance" as a third plaintiff; add a facial challenge to CE-6 as a third NEPA claim; and amend the pleadings to omit unnecessary claims and reflect the intervening changes in law and recent factual developments. Pls.' Mot. 4.

## DISCUSSION

"Absent a mandate which explicitly directs to the contrary, a district court upon remand can permit the plaintiff to 'file additional pleadings, vary or expand the issues.'" *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986) (quoting *Rogers v. Hill*, 289 U.S. 582, 587–88 (1933)). Lower courts are unquestionably obligated, under the "rule of mandate," to execute a mandate's terms and abstain from reconsidering matters already determined by the appellate court. *San Francisco Herring Ass'n v. Dep't of the Interior*, 946 F.3d 564, 574 (9th Cir. 2019) (quoting *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000)). "[A]ny issue not expressly or impliedly disposed of on appeal," however, is left to the district court to decide. *Nguyen*, 792 F.2d at 1502; *see also Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

Here, the Ninth Circuit vacated summary judgment on claim two and remanded with express directions to apply the *Corner Post* framework to determine if the as-applied challenge is time-barred. The mandate did not address the possibility of amendments, nor was there indication of an intent to deny amendments made in the ordinary course of litigation that seek to raise a parallel claim or add a new plaintiff. Rather, the mandate implicitly authorizes this Court to revisit the merits of claim two, should it find that the claim is no longer time barred. The Court therefore determines that the Ninth Circuit's mandate does not prevent Plaintiffs from seeking

leave to amend.

Where amendment is not explicitly or impliedly precluded, "the decision whether to allow leave to amend is within the trial court's discretion." *Nguyen*, 792 F.2d at 1503. Under Rule 15, district courts are to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15; *see also DCD Progs., Ltd. v. Leighton*, 833 F.2d 183, 185–86 (9th Cir. 1987).[1] Absent a strong showing of bad faith, futility, undue delay, or prejudice, leave to amend should be granted. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendants oppose the amendments, arguing (1) that allowing GO Alliance to join claim two would be futile; (2) that Plaintiffs inexcusably delayed in bringing claim three and adding GO Alliance; and (3) that the amendments are prejudicial because they would expand the remand proceedings beyond the limited scope of the Ninth Circuit's mandate and contravene prior pleading deadlines. Defs.' Resp. 8–18. The Court cannot agree.

First, Defendants do not allege, nor does the Court find, evidence of bad faith by the Plaintiffs. Likewise, Defendants' futility argument is moot, as Plaintiffs have repeatedly expressed that GO Alliance seeks only to join claim three, not claim two. Pls.' Reply 11, n.1, n.4, ECF No. 58.

On the question of Plaintiffs' timeliness, the Court does not find that Plaintiffs were dilatory in amending as they have. Plaintiffs' third claim was initially time-barred. With the new playing field created by *Corner Post*, Plaintiffs promptly submitted a 28(j) letter to the Ninth Circuit. When the Ninth Circuit issued its mandate, Plaintiffs promptly moved to amend. There is no undue delay under these circumstances and, even so, undue delay by itself is insufficient grounds for denial. *DCD Progs., Ltd.*, 833 F.2d at 186.

---

[1] The standard under Rule 15(a) for a motion for leave to amend also governs a motion for leave to supplement a pleading. *Nat'l Mgmt. Servs., Inc. v. Qwest Dex, Inc.*, No. 01-1772, 2004 WL 7338477, *2 (D. Or. 2004).

Of all the factors considered, undue prejudice to an opposing party is given the greatest weight; its presence alone is sufficient to deny leave to amend. *Id.* Defendants first argue that the "proposed complaint prejudices [them] because it would expand the remand proceedings beyond the limited, single-purpose scope of the Ninth Circuit's mandate." Defs.' Resp. 8. As explained, the mandate does not foreclose this Court from evaluating the merits of Plaintiffs' as-applied challenge, nor does it impose clear limits on the scope of that evaluation. It would therefore be inconsistent with the spirit of the mandate to conclude that a substantively similar direct challenge—relying on the same facts and arguments—is foreclosed as exceeding the scope of review. *See Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904–5 (9th Cir. 1993).

Defendants next argue that requiring them "to defend against a new party and a new claim, after already preparing extensive administrative records and briefing out the existing case" would be unfair. Defs.' Resp. 10. Plaintiffs have represented that the current record is adequate and no further supplementing is required. Pls.' Reply 14. Both claims—a facial challenge and an as-applied challenge to CE-6—will rely on the same theories and evidence. Likewise, GO Alliance does not seek to add different claims, legal theories, or requests for separate relief. Regardless of the proposed additions, both parties will have to re-formulate their arguments considering *Corner Post*.

Finally, Defendants argue that "by alleging new facts about other Fremont-Winema projects, Plaintiffs' proposed complaint goes beyond the single-purpose remand of the second claim." Defs.' Resp. 10. Plaintiffs have clarified that they are not attempting to raise new claims and have expressed their agreement with Defendant: "the record for these prospective actions are incomplete, and any challenge to them would be unripe. . . . That is why Plaintiffs do not seek to challenge these more recent projects." Pls.' Reply 15. The Court finds no harm in the Plaintiffs'

proposal to add further context.

Lastly, the Court does not agree that Federal Rule of Civil Procedure 16 controls in this instance. *See* Defs.' Resp. 6–7. Because the procedural posture of this case necessitates a new case schedule, the parties are not bound by the prior pleading deadlines. Nonetheless, good cause exists to grant the Motion: Plaintiffs have been diligent in their pursuit and allowing leave to amend would promote a complete, singular adjudication of the parties' dispute on its merits. Because the necessary record has already been developed here, the Court finds that it would be inefficient to require GO Alliance to file a duplicative lawsuit at a later time.

In the absence of finding prejudice to Defendant, the Court grants Plaintiffs' Motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion, ECF No. 55, is GRANTED.

IT IS SO ORDERED.

DATED this 4th day of April 2025.

_____s/Michael J. McShane_____

Michael J. McShane
United States District Judge