Oliver J. H. Stiefel, OSB # 135436
(503) 227-2212 │ oliver@crag.org
Meriel L. Darzen, OSB # 113645
(503) 525-2725 │ meriel@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214
Fax: (503) 296-5454

Erin Hogan-Freemole, OSB # 212850
(971) 417-6851 │ ehoganfreemole@wildearthguardians.org
WILDEARTH GUARDIANS
213 SW Ash Street, Suite 202
Portland, OR 97204

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### MEDFORD DIVISION

| | |
|---|---|
| **OREGON WILD**, an Oregon nonprofit corporation; and **WILDEARTH GUARDIANS**, a New Mexico nonprofit corporation;<br><br>    Plaintiffs,<br><br>    v.<br><br>**UNITED STATES FOREST SERVICE**, **DONALD ASHCRAFT**, in his official capacity as Lakeview Ranger District Ranger; **JEANNETTE WILSON**, in her official capacity as Silver Lake Ranger District Ranger; **TOM SHULTZ**, in his official capacity as Chief of the U.S. Forest Service; and **BROOKE ROLLINS**, in her official capacity as Secretary of Agriculture,<br><br>    Defendants. | Case No. 1:22-cv-01007<br><br>**SECOND JOINT PROPOSED CASE MANAGEMENT SCHEDULE** |

In accordance with the provisions of Rule 16 of the Federal Rules of Civil Procedure and Rule 16 of the Local Rules of the District Court for the District of Oregon, the Parties have conferred, and undersigned counsel for the Parties hereby submit their *Second Joint Proposed Case Management Schedule*. The Parties agree as to the issues set forth below and respectfully request the Court adopt the proposed schedule as an order of the Court.

I.  **Parties and Representatives**

    A.    <u>Plaintiffs</u>: Plaintiffs in this case are Oregon Wild, WildEarth Guardians, and GO Alliance. Counsel for Plaintiffs are:

>   Oliver J. H. Stiefel, OSB # 135436
>   (503) 227-2212 │ oliver@crag.org
>   Meriel L. Darzen, OSB # 113645
>   (503) 525-2725 │ meriel@crag.org
>   CRAG LAW CENTER
>   3141 E. Burnside St.
>   Portland, Oregon 97214
>   Fax: (503) 296-5454
>
>   Erin Hogan-Freemole, OSB # 212850
>   (971) 417-6851 │ ehoganfreemole@wildearthguardians.org
>   WILDEARTH GUARDIANS
>   213 SW Ash Street, Suite 202
>   Portland, OR 97204

    B.    <u>Defendants</u>: Defendants in this case are the United States Forest Service, Donald Ashcraft, in his official capacity as Lakeview Ranger District Ranger; Jeannette Wilson, in her official capacity as Silver Lake Ranger District Ranger; Tom Schultz, in his official capacity as Chief of the U.S. Forest Service; and Brooke Rollins, in her official capacity as Secretary of Agriculture.[1] Counsel for Defendants are:

>   William M. Narus, CAB # 243633
>   Acting United States Attorney

---

[1] Messrs. Ashcraft and Schultz, and Ms. Rollins have been substituted pursuant to Federal Rule of Civil Procedure 25(d).

District of Oregon
Sean E. Martin, OSB # 054338
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone: (503) 727-1010

**II.    Nature of the Case**

On July 12, 2022, Plaintiffs filed a lawsuit under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, challenging the Defendants' approval of the South Warner Habitat Restoration Project, Baby Bear Timber Stand and Wildlife Habitat Improvement Project, and Bear Wallow Timber Stand and Wildlife Habitat Improvement Project (the "Projects") on the Fremont-Winema National Forest. Plaintiffs also challenged the categorical exclusion on which the Projects rely, 36 C.F.R. § 220.6(e)(6). Plaintiffs alleged that Defendants violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321–4370h, and acted arbitrarily, capriciously, and not otherwise in accordance with law and abused their discretion; acted in excess of their statutory authority; and acted without observance of procedure required by law. Plaintiffs sought partial vacatur of the Projects' approvals and vacatur of 36 C.F.R. § 220.6(e)(6) as applied to commercial logging operations; injunctive and declaratory relief under the judicial review provisions of the APA; and attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. Defendants denied that they violated any law and further denied that the Plaintiffs are entitled to the relief they seek.

On August 4, 2023 this Court issued an Opinion and Order ruling in favor of the Forest Service. ECF No. 40. On September 25, 2024, the Ninth Circuit Court of Appeals affirmed in part, reversed in part, and remanded. *Or. Wild, et al. v. USFS, et al.*, No. 23-35579, ECF No. 57-1. Specifically, the Ninth Circuit remanded "Wild's second claim to the district court to apply

*Crag Law Center*
*3141 E Burnside St.*
*Portland, OR 97214*
*Tel. (503) 227-2212*

*Corner Post* [*Inc. v. Board of Governors of the Federal Reserve System*, 144 S. Ct. 2440 (2024)] in the first instance to determine whether this claim is time-barred.

On April 4, 2025, this Court granted Plaintiffs' motion for leave to amend their complaint. ECF No. 44. On April 11, 2025, Plaintiffs filed their amended complaint, ECF No. 45, "add[ing] 'GO Alliance as a third plaintiff; add[ing] a facial challenge to CE-6 as a third NEPA claim; and amend[ing] the pleadings to omit unnecessary claims and reflect the intervening changes in law and recent factual developments." ECF No. 44 at 33 (summarizing amendment).

### III. <u>Administrative Record</u>

The Parties agree that the merits of Plaintiffs' claims are governed by the judicial review provisions of the APA, 5 U.S.C. §§ 701–706. The Parties further agree that this case is therefore exempt from initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(i) and from the requirements of Rule 26(f) of the Federal Rules of Civil Procedure. The Parties anticipate that stipulation to the authenticity and foundation of the documents produced in the Administrative Record for this case will not be necessary.

On November 16, 2022, Defendants lodged the Administrative Record. ECF No. 11. On January 13, 2023, Defendants filed a Supplemental Administrative Record. ECF No. 14. On March 21, 2023, Defendants filed a Further Supplemental Administrative Record. ECF No. 22. Plaintiffs have represented that they do not believe further supplementation of the record based on the amended complaint is appropriate or required. *See* ECF No. 14. Defendants plan to file a Second Further Supplemental Administrative Record as set forth below (if necessary).

///

///

## IV. Trial

The Parties believe that the merits of this case should be resolved on cross-motions for summary judgment and do not anticipate that a trial will be appropriate or required in this case.

## V. Jurisdiction and Venue

Plaintiffs allege this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims present a federal question, and 28 U.S.C. § 1346 because the United States is a defendant. Plaintiffs allege venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Project areas are located within this judicial District, the Defendants maintain an office in this District, and Plaintiffs maintain offices in this District.

## VI. Proposed Deadlines

The Parties agree that it is unnecessary to brief a motion for preliminary injunction at this time. One contract implementing one of the Projects (Bear Wallow) has been awarded. Another contract implementing Bear Wallow is in the process of being awarded. The United States Forest Service has no current dates for auction of additional contracts for the implementation of any of the three challenged projects, and ground operations would not commence until after any contract award(s). Defendants agree to continue to provide Plaintiffs at least 30 days' notice before any contract is awarded for the implementation of any of the three challenged projects. *See* ECF No. 9.

   A.   Amended/Supplemental Complaint

   1.   On **April 11, 2025**, Plaintiffs filed their Amended/Supplemental Complaint.

   2.   On or before **April 25, 2025**, Defendants will file their Answer.

   B.   Administrative Record

1.  On or before **May 27, 2025**, Defendants will certify and lodge any Second Further Supplemental Administrative Record with the Court and serve such Record on the Parties. Pursuant to Local Rule 5-2(f)2.B., Defendants may file a thumb drive or other electronic media with the Clerk's office.

2.  Plaintiffs shall notify Defendants of any objections they have to the Second Further Supplemental Administrative Record on or before **June 3, 2025**. Plaintiffs will make their best effort to notify Defendants of any documents they propose to add to the Second Further Supplemental Administrative Record in advance of June 2. The Parties will meet and confer in good faith to attempt to resolve any disputes regarding the Second Further Supplemental Administrative Record without the need for judicial intervention.

3.  On or before **June 10, 2025,** Defendants will file a supplemental, corrected, and/or completed Administrative Record, if necessary.

4.  If the Parties are unable to resolve any record disputes, the Parties will litigate such disputes concurrently with summary judgment briefing, as set forth below. The Parties reserve the right to seek leave to suspend the summary judgment briefing schedule if such disputes involve a voluminous number of records or for good cause, and in that event will submit a proposed schedule for motions practice.

B.  <u>Cross-Motions for Summary Judgment</u>

1.  Plaintiffs' opening summary judgment brief shall be due **June 13, 2025**. By that same day, Plaintiffs shall file any motion to complete or supplement the Administrative Record.

      2.      Defendants' combined cross-motion and response brief shall be due **July 25, 2025**. By that same day, Defendants shall file any response to any motion to complete or supplement the Administrative Record.

      3.      Plaintiffs' combined response and reply brief shall be due **August 22, 2024**. By that same day, Plaintiffs shall file any reply in support of any motion to complete or supplement the Administrative Record.

      4.      Defendants' reply brief shall be due **September 19, 2025**.

    C.    <u>Oral Argument</u>

      1.      The Parties are available for oral argument, should the Court deem it necessary or advisable.

**VII.**    <u>Related Cases</u>

The Parties are not aware of any related cases pending before other courts or judges in this Court.

**VII.**    <u>Settlement Procedures</u>

The Parties are amenable to discussing dispute resolution options should such options appear to be fruitful at a future juncture.

**IX.**    <u>Other Matters</u>

None.

DATED this 22nd day of April, 2025.

///

///

///

Respectfully submitted,

s/ Oliver J. H. Stiefel
Oliver J. H. Stiefel, OSB # 135436
(503) 227-2212 │ oliver@crag.org
Meriel L. Darzen, OSB # 113645
(503) 525-2725 │ meriel@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214
Fax: (503) 296-5454

Erin Hogan-Freemole, OSB # 212850
(971) 417-6851 │ ehoganfreemole@wildearthguardians.org
WILDEARTH GUARDIANS
213 SW Ash Street, Suite 202
Portland, OR 97204

*Attorneys for Plaintiffs*

s/ Sean E. Martin (with permission)
Sean E. Martin, OSB # 054338
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone: (503) 727-1010

*Attorney for Defendants*