**WILLIAM M. NARUS, CAB # 243633**
Acting United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB # 054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone:  (503) 727-1010
        Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# MEDFORD DIVISION

| | |
|---|---|
| **OREGON WILD**; **WILDEARTH GUARDIANS**; and **GO ALLIANCE**,<br><br>                    Plaintiffs,<br><br>v.<br><br>**UNITED STATES FOREST SERVICE**; **DONALD ASHCRAFT**; **JEANNETTE WILSON**; **TOM SCHULTZ**; and **BROOKE ROLLINS**,[1]<br><br>                    Defendants. | Case No. 1:22-cv-01007-MC<br><br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED/SUPPLEMENTAL COMPLAINT** |

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Donald Ashcraft is substituted for Michael Ramsey, Tom Schultz is substituted for Randy Moore, and Brooke Rollins is substituted for Thomas Vilsack.  Mr. Ashcraft has succeeded Mr. Ramsey as Lakeview District Ranger.  Mr. Schultz has succeeded Mr. Moore and is the Chief of the U.S. Forest Service. Ms. Rollins has succeeded Mr. Vilsack as Secretary of Agriculture.

Defendants answer Plaintiffs' first amended/supplemental complaint ("complaint"), ECF 60.  The numbered paragraphs of this answer correspond to the numbered paragraphs of the complaint.  The section headings used in this answer are provided solely for the purpose of organizational convenience.

## NATURE OF ACTION

1.    Defendants admit that Plaintiffs characterize their lawsuit but deny that Plaintiffs identify the correct/current Defendants.  Defendants otherwise admit that Plaintiffs assert legal conclusions regarding jurisdiction, to which no response is required.

2.    Defendants admit

3.    Defendants deny.

4.    Regarding the first sentence, Defendants deny.  Regarding the second sentence, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding unidentified projects.

5.    Defendants lack knowledge or information sufficient to form a belief regarding the potential effects of unidentified projects.

6.    Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the Forest Service's findings in notice and comment rulemaking, but deny any characterizations contrary to the agency's statements in such rulemaking.  Regarding the second sentence, Defendants

admit that Plaintiffs assert a legal conclusion, to which no response is required. To the extent a further response is deemed required, Defendants deny.

7.     Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize three Forest Service thinning projects authorized under CE-6 by the Fremont-Winema National Forest in 2021 and 2022, but deny any characterizations contrary to the plain language, meaning, and context of the respective authorizations. Regarding the second sentence, Defendants deny.

8.     Defendants admit that Plaintiffs characterize the allegations and legal theories in their original complaint in this action, but deny any characterizations contrary to the allegations and theories in that pleading itself.

9.     Regarding the first two sentences, Defendants admit that Plaintiffs purport to characterize what the three projects authorize, but deny any characterizations contrary to the plain language, meaning, and context of the respective authorizations. Regarding the third sentence, Defendants admit that Plaintiffs purport to characterize the legal theories in their original complaint in this action, but deny any characterizations contrary to the theories in that pleading itself.

10.     Defendants admit that Plaintiffs characterize the allegations and legal

theories in their original complaint in this action, but deny any characterizations contrary to the allegations and theories in that pleading itself.

11.     Regarding the first sentence, Defendants admit that on August 4, 2023, this Court issued an Opinion and Order granting summary judgment against Plaintiffs' claims, but otherwise deny any characterizations of the ruling contrary to its plain language, meaning, and context.  Regarding the second sentence, Defendants admit that on September 25, 2024, the Ninth Circuit affirmed this Court's summary judgment ruling in part, and otherwise deny any characterization of the ruling contrary to the ruling itself.

12.     Defendants admit that Plaintiffs purport to characterize the allegations and legal theories in their original complaint in this action, but deny any characterizations contrary to the allegations and theories in that pleading itself.

13.     Defendants admit that Plaintiffs purport to characterize this Court's August 4, 2023 Opinion and Order granting summary judgment against Plaintiffs' claims, but deny any characterizations of the ruling contrary to its plain language, meaning, and context.

14.     Regarding the first sentence, Defendants admit that on September 25, 2024, the Ninth Circuit reversed this Court's summary judgment ruling in

part.  Regarding the second sentence, Defendants admit that the Supreme

Court handed down its *Corner Post* opinion after this Court's August 4, 2023

Opinion and Order and otherwise deny any characterizations of *Corner Post*

contrary to its plain language, meaning, and context.  Regarding the third

sentence, Defendants admit that Plaintiffs purport to characterize the

September 25, 2024 Ninth Circuit ruling in this case, but deny any

characterizations contrary to the ruling's plain language, meaning, and

context.

15.    Defendants admit.

16.    Defendants admit that Plaintiffs characterize their rationale for filing

the complaint.

17.    Defendants admit that two Plaintiffs characterize their claim that is an

"indirect" challenge to CE-6 and that Plaintiffs otherwise assert legal

conclusions regarding accrual, injury, and the statute of limitations, to which

no response is required.

18.    Defendants admit that all three Plaintiffs characterize their claim that

is a "direct" challenge to CE-6 and that Plaintiffs otherwise assert legal

conclusions regarding accrual, injury, and the statute of limitations, to which

no response is required.

19.    Defendants admit that Plaintiffs characterize their legal

Page 5      Defendants' Answer to First Amended/Supplemental Complaint;
            *Oregon Wild, et al. v. United States Forest Service, et al.*, Case No.
            1:22-cv-01007-MC

claims/theories and assert legal conclusions, to which no response is required.

20.     Defendants admit that two Plaintiffs characterize their requested remedy for their "indirect" challenge to CE-6, but deny that such remedy is appropriate.

21.     Defendants admit that all three Plaintiffs characterize their requested remedy for their "direct" challenge to CE-6, but deny that such remedy is appropriate.

22.     Defendants admit that Plaintiffs characterize their possible intent to seek injunctive relief during the pendency of this lawsuit, but deny that such relief is appropriate.

23.     Defendants admit that Plaintiffs characterize their intent to seek fees and costs if they prevail in this lawsuit, but deny that a fees/costs award is appropriate.

## JURISDICTION AND VENUE

24.     Defendants admit that Plaintiffs assert legal conclusions regarding jurisdiction and justiciability, to which no response is required.

25.     Regarding the first sentence, Defendants admit that Plaintiffs assert a legal conclusion regarding exhaustion of remedies, to which no response is required. Regarding the second sentence, Defendants admit that Plaintiffs Oregon Wild and WildEarth Guardians submitted scoping comments, and

deny that GO Alliance submitted scoping comments. Regarding the third

sentence, Defendants admit that Plaintiffs assert legal conclusions regarding

exhaustion of remedies, to which no response is required. Regarding the

fourth sentence, Defendants admit that Plaintiffs assert legal conclusions

regarding an administrative exhaustion requirement for a direct challenge to

CE-6, to which no response is required.

26.    Defendants admit that Plaintiffs assert legal conclusions regarding

subject-matter jurisdiction and sovereign immunity, to which no response is

required.

27.    Regarding the first sentence, Defendants admit that the areas for the

three projects involved in this action are in this District, and otherwise admit

that Plaintiffs assert legal conclusions regarding venue, to which no response

is required. Regarding the second sentence, Defendants admit that some but

not all Defendants maintain an office in this District. Regarding the third

sentence, Defendants lack knowledge or information sufficient to form a

belief regarding the truth of the allegations.

28.    Regarding the first sentence, Defendants admit that Plaintiffs assert

legal conclusions regarding divisional venue, to which no response is

required. Defendants otherwise admit that some of the lands for the projects

at issue are in Lake County and deny that all Defendants have offices located

in Lake County.  Regarding the second sentence, Defendants admit that Plaintiffs assert legal conclusions regarding divisional venue, to which no response is required, and otherwise admit that lands for the projects at issue are in Lake County and Klamath County.

## PARTIES

### Plaintiffs

29.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

30.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

31.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

32.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

33.    Regarding the first sentence, Defendants admit that Plaintiffs assert legal conclusions regarding standing, to which no response is required. Defendants otherwise lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

34.    Regarding the first and third sentences, Defendants admit that Plaintiffs assert legal conclusions regarding standing and irreparable harm,

Page 8        Defendants' Answer to First Amended/Supplemental Complaint; *Oregon Wild, et al. v. United States Forest Service, et al.*, Case No. 1:22-cv-01007-MC

to which no response is required.  Regarding the second sentence, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

35.    Defendants admit that Plaintiffs assert legal conclusions regarding standing and irreparable harm, to which no response is required.

**Defendants**

36.    Defendants admit the allegations, except they deny the allegations in the last sentence.

37.    Regarding the first two sentences, Defendants deny that Mr. Ramsey is now the District Ranger but admit that he signed the Decision Memorandum for the South Warner project.  Regarding the third sentence, Defendants admit that Plaintiffs assert legal conclusions regarding Mr. Ramsey, to which no response is required.  Regarding the fourth sentence, Defendants admit, except Mr. Wilson is longer the District Ranger.

38.    Defendants admit the allegations, except regarding the third sentence Defendants admit that Plaintiffs assert legal conclusions regarding Ms. Wilson, to which no response is required.

39.    Regarding the first and second sentences, Defendants admit. Regarding the third sentence, Defendants admit that Plaintiffs assert legal conclusions, to which no response is required.  Regarding the fourth sentence,

Defendants admit.

40.    Regarding the first and second sentences, Defendants admit.

Regarding the third sentence, Defendants admit that Plaintiffs assert legal

conclusions, to which no response is required.  Regarding the fourth sentence,

Defendants admit.

## LEGAL BACKGROUND

### National Environmental Policy Act

41.    Defendants admit that Plaintiffs quote a portion of a sentence in

NEPA, but deny any characterizations contrary to the plain language,

meaning, and context of NEPA, the applicable regulations, and other relevant

authorities.  Regarding the first sentence of footnote 2, Defendants admit

that Plaintiffs purport to characterize the Fiscal Responsibility Act of 2023,

P.L. 118-5 (June 3, 2023), but deny any characterizations contrary to the

plain language, meaning, and context of the Act. Regarding the second

sentence of footnote 2, Defendants admit that the Forest Service adopted CE-

6 and approved the three projects before 2023, and admit that the remaining

allegations characterize the complaint.

42.    Defendants admit that Plaintiffs purport to characterize procedures

under NEPA and its implementing regulations, but deny any

characterizations contrary to the plain language, meaning, and context of

Page 10    Defendants' Answer to First Amended/Supplemental Complaint;
*Oregon Wild, et al. v. United States Forest Service, et al.*, Case No.
1:22-cv-01007-MC

NEPA, the applicable regulations, and other relevant authorities.

43.     Defendants admit that Plaintiffs purport to characterize legal requirements under NEPA, but deny any characterizations contrary to the plain language, meaning, and context of NEPA, the applicable regulations, and other relevant authorities.

44.     Regarding the first sentence, Defendants admit that the Council on Environmental Quality ("CEQ") promulgated NEPA regulations, as did the U.S. Forest Service.  Regarding the second sentence, Defendants admit that CEQ modified its NEPA regulations by final rule on July 16, 2020, and that CEQ issued a new final rule amending NEPA regulations on April 20, 2022, that was effective May 20, 2022.  Regarding the third sentence, Defendants admit, with the clarification that CEQ issued an Interim Final Rule (effective April 11, 2025) that removed the CEQ NEPA regulations from the Code of Federal Regulations.  Regarding footnote 3, Defendants admit that Plaintiffs describe their citation method for CEQ regulations.

45.     Defendants admit that Plaintiffs purport to characterize the contents of NEPA regulations, but deny any characterizations contrary to the plain language, meaning, and context of NEPA, the applicable regulations, and other relevant authorities.

46.     Defendants admit that the Forest Service published a notice of

adoption of final policy regarding NEPA in September 1992, and that the Forest Service published a final rule regarding NEPA in July 2008, but Defendants deny any characterizations contrary to the plain language, meaning, and context of these publications.

47.    Defendants admit that Plaintiffs quote from a portion of 36 C.F.R. § 220.6(e)(6), but deny any characterizations contrary to the plain language, meaning, and context of these regulations, including Ninth Circuit precedent.

48.    Defendants admit that Plaintiffs purport to characterize other portions of 36 C.F.R. § 220.6(e ), but deny any characterizations contrary to the plain language, meaning, and context of these regulations, including Ninth Circuit precedent.

49.    Defendants admit that Plaintiffs purport to characterize 36 C.F.R. § 220.6(a), but deny any characterizations contrary to the plain language, meaning, and context of these regulations.

50.    Defendants admit that Congress has enacted legislation addressing certain types of Forest Service projects, but Defendants deny that the cited statute relates to Plaintiffs' allegations, and Defendants deny any characterizations contrary to the plain language, meaning, and context of any Congressional enactments.

**Administrative Procedure Act**

51.    Defendants admit that Plaintiffs purport to characterize judicial review under the APA, but deny any characterizations contrary to the plain language, meaning, and context of the APA.

52.    Defendants admit that Plaintiffs purport to characterize judicial review under the APA, but deny any characterizations contrary to the plain language, meaning, and context of the APA.

## FACTUAL BACKGROUND

53.    Defendants deny the allegations.

54.    Defendants deny the over-generalized allegations.

55.    Defendants admit that the alleged activities can occur as part of certain tree removal undertakings.

56.    Defendants deny the allegations (including "these commercial logging operations") as vague.

57.    Defendants deny the over-generalized allegations.

58.    Regarding the first sentence, Defendants admit the allegations. Regarding the second sentence, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the hypothetical allegations. Regarding the third sentence, Defendants deny the allegations.

59.    Defendants deny the allegations.

60.     Regarding the first sentence, Defendants admit that on April 29, 1991, the Forest Service published a notice of and requesting comment on proposed revisions to its NEPA policy and procedures. Regarding the second sentence, Defendants admit that Plaintiffs purport to characterize the contents of the Federal Register publication, but deny any characterizations contrary to the plain language, meaning, and context of the publication.

61.     Defendants admit that Plaintiffs purport to characterize the reason for the April 1991 Federal Register publication, but deny any characterizations contrary to the plain language, meaning, and context of the publication.

62.     Defendants admit that Plaintiffs purport to characterize the contents of an unidentified petition(s), dated prior to March 1989, but Defendants deny any characterizations contrary to the contents of such petition(s).  Regarding footnote 4, Defendants admit the allegations in the first sentence and deny the allegations in the second sentence.

63.     Regarding the first sentence, Defendants admit that on March 3, 1989, the Forest Service published a notice of interim NEPA policy and procedures, but deny any characterization of this publication contrary to its plain language, meaning, and context. Regarding the second sentence, Defendants admit that Plaintiffs purport to characterize the Forest Service's intent in making this publication, but deny any characterization contrary to the plain

Page 14     Defendants' Answer to First Amended/Supplemental Complaint;
            *Oregon Wild, et al. v. United States Forest Service, et al.*, Case No.
            1:22-cv-01007-MC

language, meaning, and context of the publication.

64.    Defendants admit that Plaintiffs purport to characterize an unidentified "proposed rule," but deny any characterizations contrary to the plain language, meaning, and context of any such proposed rule.

65.    Defendants admit that Plaintiffs purport to characterize an unidentified Forest Service proposal, but deny any characterizations contrary to the plain language, meaning, and context of such proposal.

66.    Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the Forest Service's intent in issuing unidentified "proposed rules," but deny any characterizations contrary to the plain language, meaning, and context of such rules.  Regarding the second sentence, Defendants admit that Plaintiffs purport to characterize agency statements, possibly from the unidentified "proposed rules," but deny any characterization contrary to the plain language, meaning, and context of the agency's statements.

67.    Defendants admit that Plaintiffs purport to characterize a Forest Service proposal from an unidentified document, and agency statements regarding that proposal, but deny any characterization contrary to the plain language, meaning, and context of the agency's statements.

68.    Defendants admit that on September 18, 1992, the Forest Service

Page 15    Defendants' Answer to First Amended/Supplemental Complaint;
          *Oregon Wild, et al. v. United States Forest Service, et al.*, Case No.
          1:22-cv-01007-MC

published a notice of adoption of final NEPA policy. Defendants otherwise admit that Plaintiffs purport to characterize the contents of the publication, but deny any characterizations contrary to the plain language, meaning, and context of the publication.

69.    Defendants admit that Plaintiffs purport to characterize the Forest Service's response to a comment, and the contents of a "final rule," but Defendants deny any characterizations contrary to the plain language, meaning, and context of the unidentified publication.

70.    Defendants admit that Plaintiffs purport to characterize Forest Service statements in an unidentified publication, but deny any characterizations contrary to the plain language, meaning, and context of the publication.

71.    Defendants admit that Plaintiffs purport to characterize an unidentified Forest Service "final rule," and agency statements in that rule, but Defendants deny any characterizations contrary to the plain language, meaning, and context of the agency publication.

72.    Defendants admit that Plaintiffs purport to characterize an unidentified final rule, but deny any characterizations contrary to the plain language, meaning, and context of such final rule.

73.    Defendants admit that Plaintiffs purport to characterize "CE-4," but Defendants deny any characterizations contrary to the plain language,

meaning, and context of CE-4 itself. Regarding footnote 5, Defendants admit the allegations.

74.    Defendants admit that Plaintiffs purport to characterize "CE-5," but Defendants deny any characterizations contrary to the plain language, meaning, and context of CE-5 itself.

75.    Defendants admit that Plaintiffs purport to characterization CE-6, but Defendants deny any characterizations contrary to the plain language, meaning, and context of CE-6 itself.

76.    Defendants admit that Plaintiffs purport to characterize the contents of a 1999 court decision from the Southern District of Illinois, but deny any characterizations contrary to the plain language, meaning, and context of that decision.

77.    Defendants admit that Plaintiffs purport to characterize the findings in the 1999 court decision from the Southern District of Illinois, but deny any characterization contrary to the plain language, meaning, and context of that decision.

78.    Defendants admit that Plaintiffs purport to characterize the remedy ordered by the 1999 court decision from the Southern District of Illinois, but deny any characterization contrary to the plain language, meaning, and context of that decision.

Page 17    Defendants' Answer to First Amended/Supplemental Complaint; *Oregon Wild, et al. v. United States Forest Service, et al.*, Case No. 1:22-cv-01007-MC

79.    Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations that there was "no similar challenge to CE-6." Regarding footnote 6, Defendants admit that Plaintiffs purport to characterize the claims brought in another lawsuit and court rulings in that lawsuit, but deny any characterizations contrary to the contents of that lawsuit and the court rulings themselves.

80.    Regarding the first sentence, Defendants admit that on January 8, 2003, the Forest Service published a notice of proposed interim NEPA directive and a request for comments. Regarding the remainder of that sentence and the remaining sentences, Defendants admit that Plaintiffs purport to characterize the contents of the Forest Service's publication, but deny any allegations contrary to the plain language, meaning, and context of the publication.

81.    Defendants admit that Plaintiffs purport to characterize the contents of a Forest Service publication, but deny any allegations contrary to the plain language, meaning, and context of the publication.

82.    Defendants admit that on July 29, 2003, the Forest Service published a notice of final interim NEPA directive. Defendants further admit that Plaintiffs purport to characterize the contents of this publication, but deny any characterizations contrary to the plain language, meaning, and context of

the publication.

83.    Defendants admit that Plaintiffs purport to characterize the contents of 36 C.F.R. § 220.6(e )(12) and/or the contents of "CE-12" and a Forest Service final rule, but Defendants deny any characterizations contrary to the plain language, meaning, and context of these sources.

84.    Defendants admit that Plaintiffs purport to characterize the contents of 36 C.F.R. § 220.6(e)(13) and/or the contents of "CE-13" and a Forest Service final rule, but Defendants deny any characterizations contrary to the plain language, meaning, and context of these sources.

85.    Defendants admit that Plaintiffs purport to characterize the contents of 36 C.F.R. § 220.6(e)(14) and/or the contents of "CE-14" and a Forest Service final rule, but Defendants deny any characterizations contrary to the plain language, meaning, and context of these sources.

86.    Defendants admit that Plaintiffs appear to characterize the contents of a 2003 Forest Service notice of final interim NEPA directive, but deny any characterizations contrary to the plain language, meaning, and context of that notice.

87.    Defendants admit that Plaintiffs appear to characterize the contents of a 2003 Forest Service notice of final interim NEPA directive, but deny any characterizations contrary to the plain language, meaning, and context of

that notice.

88.    Defendants admit that on January 18, 2006, the Tenth Circuit Court of Appeals issued a ruling in *Colorado Wild v. U.S. Forest Serv.*, 435 F.3d 1204 (10th Cir. 2006). Defendants further admit that Plaintiffs purport to characterize the contents of that ruling, but deny any characterizations contrary to the plain language, meaning, and context of the ruling.

89.    Defendants admit that on December 16, 2002, the Forest Service and another agency published a notice of proposed NEPA implementing procedures and a request for comment. Defendants otherwise admit that Plaintiffs purport to characterize the contents of this publication, but deny any characterizations contrary to the plain language, meaning, and context of this publication.

90.    Defendants admit that Plaintiffs purport to characterize the contents of the Forest Service's December 2002 proposal, but deny any characterizations contrary to the plain language, meaning, and context of this publication.

91.    Defendants admit that on June 5, 2003, the Forest Service and another agency published a notice of final NEPA implementing procedures. Defendants otherwise admit that Plaintiffs purport to characterize the contents of this publication, but deny any characterizations contrary to the plain language, meaning, and context of this publication.

92.    Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the contents of a Forest Service "proposed draft," but deny any characterizations contrary to the plain language, meaning, and context of such document. Regarding the second sentence, Defendants admit that Plaintiffs purport to characterize the contents of the "final rule," but deny any characterizations contrary to the plain language, meaning, and context of such document.

93.    Defendants admit that on December 5, 2007, the Ninth Circuit Court of Appeals issued a ruling in *Sierra Club v. Bosworth*, 510 F.3d 1016 (9th Cir. 2007). Defendants otherwise admit that Plaintiffs purport to characterize that ruling, but deny any characterizations contrary to the plain language, meaning, and context of the ruling.

94.    Defendants admit that Plaintiffs purport to characterize the *Bosworth* ruling, but deny any characterizations contrary to the plain language, meaning, and context of the ruling.

95.    Defendants admit that Plaintiffs purport to characterize the *Bosworth* ruling, but deny any characterizations contrary to the plain language, meaning, and context of the ruling.

96.    Defendants admit that Plaintiffs purport to characterize the *Bosworth* ruling, but deny any characterizations contrary to the plain language,

meaning, and context of the ruling.

97.    Defendants admit that on August 17, 2007, the Forest Service published a notice of proposed rule and a request for comment regarding its NEPA procedures. Defendants further admit that Plaintiffs purport to characterize the substance of this publication, but deny any characterizations contrary to the plain language, meaning, and context of the publication.

98.    Defendants admit that on July 24, 2008, the Forest Service published a final rule regarding its NEPA procedures.  Defendants further admit that Plaintiffs purport to characterize the substance of the publication, but deny any characterizations contrary to the plain language, meaning, and context of the publication.

99.    Defendants admit that Plaintiffs purport to characterize the substance of, and/or the legal effect of, the Forest Service's July 2008 final rule, but deny any characterizations contrary to the plain language, meaning, and context of the publication.

100.    Defendants admit that Plaintiffs appear to characterize the substance of the Forest Service's July 2008 final rule, but deny any characterizations contrary to the plain language, meaning, and context of the publication.

101.    Defendants admit that on June 13, 2019, the Forest Service published a proposed rule regarding its NEPA regulations. Defendants further admit that

Plaintiffs purport to characterize the substance of this publication, but deny any characterizations contrary to the plain language, meaning, and context of the publication.

102.   Regarding the first sentence, Defendants admit the allegations. Regarding the second sentence, Defendants admit the allegations are an incomplete description of the agency's review.

103.   Regarding the first sentence, Defendants admit that the random selection review was used in developing a proposed categorical exclusion. Regarding the second sentence, Defendants admit that Plaintiffs characterize an unidentified agency statement, but deny any characterization contrary to the plain language, meaning, and context of such agency statement.

104.   Defendants admit that on November 19, 2020, the Forest Service published a final rule amending its NEPA regulations. Defendants further admit that Plaintiffs purport to characterize the contents of the publication, but deny any characterizations contrary to the plain language, meaning, and context of the publication.

105.   Defendants admit that the Forest Service published a Supporting Statement, and admit that Plaintiffs purport to characterize this document, but deny any characterizations of this document contrary to its plain language, meaning, and context.

Page 23    Defendants' Answer to First Amended/Supplemental Complaint;
          *Oregon Wild, et al. v. United States Forest Service, et al.*, Case No.
          1:22-cv-01007-MC

106.   Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the Forest Service's response to comments, but deny any characterizations contrary to the plain language, meaning, and context of the Forest Statement's response to comments.  Regarding the second sentence, Defendants admit that Plaintiffs purport to characterize the substance of the final rule, but deny any characterizations contrary to the plain language, meaning, and context of the final rule.

107.   Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize an unsourced/unidentified Forest Service statement, but deny any characterizations contrary to the plain language, meaning, and context of such Forest Service statement. Regarding the second sentence, Defendants admit that specific limitations, including but not limited to no herbicide use and quantifiable limits such as road-construction maximums, may be included in some categorical exclusions to limit potential disturbance.

108.   Defendants admit that the cited case was commenced on January 8, 2021, and is pending in the Western District of Virginia.  Defendants further admit that Plaintiffs purport to characterize the substance of the complaint, but deny any characterizations contrary to the contents of the complaint itself.

109.   Regarding the first sentence, Defendants admit that the Acting Deputy

Chief of the National Forest System issued a memo to Regional Foresters dated May 21, 2021, and admit that Plaintiffs purport to characterize the contents of the document and the reason for its issuance, but deny any characterizations contrary to the plain language, meaning, and context of the document.  Regarding the second sentence, Defendants admit that Plaintiffs purport to characterize the contents of the document, but deny any characterizations contrary to its plain language, meaning, and context.

110.   Defendants deny the allegations.

111.   Defendants deny the allegations.

112.   Defendants deny the allegations.

113.   Defendants admit that the Wallowa-Whitman National Forest, within Region 6, authorized in 2015 the Bird Track Springs Fuel Reduction project. Defendants otherwise admit that Plaintiffs purport to characterize the substance of the project and its legal basis, but deny any characterizations contrary to the plain language, meaning, and context of the project's authorization documentation.

114.   Defendants deny the hypothetical allegations.

115.   Defendants deny the allegations.

116.   Regarding the first sentence, Defendants admit that the Fremont-Winema National Forest in 2006 authorized the Burnt Willow project.

Page 25     Defendants' Answer to First Amended/Supplemental Complaint;
            *Oregon Wild, et al. v. United States Forest Service, et al.*, Case No.
            1:22-cv-01007-MC

Regarding the second and third sentences, Defendants admit that Plaintiffs purport to characterize the project authorization and project purpose, but deny any characterizations contrary to the plain language, meaning, and context of the project authorization and analysis documents. Regarding the fourth sentence, Defendants admit that the Forest Service chose to employ an Environmental Assessment to assess the project's effects.

117.   Regarding the first sentence, Defendants admit the allegations. Regarding the second sentence, Defendants admit that Plaintiffs purport to characterize the Executive Order and quote a fragment of Section 3 of the Executive Order, but deny any characterizations contrary to the Executive Order's plain language, meaning, and context.

118.   Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

119.   Regarding the first sentence, Defendants deny the allegations. Regarding the second sentence, Defendants deny the allegations, because the categorical exclusion did not bar the use of commercial thinning.

### *The Fremont-Winema National Forest*

120.   Defendants admit the allegations.

121.   Defendants admit the allegations, except Defendants deny that much of the Forest is within a rain shadow created by the Cascades.

### *The South Warner Habitat Restoration Project*

122.   Regarding the first sentence, Defendants admit the allegations with the clarification that it was the proposed South Warner Habitat Restoration Project. Regarding the second sentence, Defendants deny the allegations.

123.   Defendants admit that Plaintiffs purport to characterize the contents of the public notice, but deny any characterizations contrary to the plain language, meaning, and context of the public notice.

124.   Defendants admit the allegations.

125.   Defendants admit the allegations.

126.   Defendants admit that Plaintiffs purport to characterize their scoping comments and arguments, but deny any characterizations contrary to the actual contents of the comments and deny the validity of Plaintiffs' arguments.

127.   Defendants deny the allegations.

128.   Regarding the first sentence, Defendants admit that the Forest Service often provides supporting documents to the public but that the specifics vary from project to project.  Regarding the second sentence, Defendants deny the allegations.

129.   Defendants deny the allegations.

130.   Defendants admit the allegations, with the clarification that it is the

South Warner Habitat Restoration Project.

131.    Regarding the first sentence, Defendants admit that the South Warner Habitat Restoration Project area includes about 69,567 of National Forest System lands in Lake County, Oregon. Regarding the second sentence, Defendants admit that the project area is about three miles east of the town of Lakeview and encompasses the National Forest System lands south of Highway 140 and east of Highway 395.

132.    Defendants admit that Plaintiffs purport to characterize the actions authorized in the South Warner Habitat Restoration Project Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of that document.

133.    Defendants admit that Plaintiffs purport to characterize the actions authorized in the Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of that document.

134.    Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the contents of the Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of that document. Regarding the second sentence, Defendants deny the allegations, as the nature of information depends on the particular EIS or EA.

135.   Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the actions authorized in the South Warner Habitat Restoration Project Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of that document.  Regarding the second sentence, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

136.   Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the contents of the South Warner Habitat Restoration Project Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of that document.  Regarding the second sentence, Defendants deny the allegations, as the nature of information depends on the particular EIS or EA.

137.   Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the contents of the South Warner Habitat Restoration Project Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of that document.  Regarding the second sentence, Defendants deny the allegations.

138.   Defendants admit the allegations.  Regarding the first sentence of footnote 7, Defendants admit that Plaintiffs purport to characterize the contents of 36 C.F.R. § 220.6(e)(18), but deny any characterizations contrary

to the regulation's plain language, meaning, and context.  Regarding the second sentence of footnote 7, Defendants admit that Plaintiffs characterize the limits of their challenge regarding the South Warner Habitat Restoration Project.

139.   Defendants deny the allegations.

140.   Defendants admit that Plaintiffs assert legal conclusions regarding judicial review, to which no response is required.

### *The Baby Bear Timber Stand and Wildlife Improvement Project*

141.   Defendants admit the allegations with the clarification that it was the proposed Baby Bear Timber Stand and Wildlife Habitat Improvement Project.

142.   Defendants admit that Plaintiffs purport to characterize the contents of the public notice, but deny any characterizations contrary to the plain language, meaning, and context of the public notice.

143.   Defendants admit the allegations.

144.   Defendants admit the allegations.

145.   Defendants admit that Plaintiffs purport to characterize their scoping comments and arguments, but deny any characterizations contrary to the actual contents of the comments and deny the validity of Plaintiffs' arguments.

146.    Defendants deny the allegations.

147.    Defendants admit the allegations, with the clarification that it is the Baby Bear Timber Stand and Wildlife Habitat Improvement Project.

148.    Regarding the first sentence, Defendants admit that the Baby Bear Timber Stand and Wildlife Habitat Improvement Project area includes 4,774 acres of National Forest System lands in Lake and Klamath Counties, Oregon. Regarding the second sentence, Defendants admit that Fort Rock State Park and Hole in the Ground are public attractions located in central Oregon, but neither is adjacent to the project area.

149.    Defendants admit that Plaintiffs purport to characterize the actions authorized in the Baby Bear Timber Stand and Wildlife Habitat Improvement Project Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of that document.

150.    Regarding the first sentence, Defendants admit the allegations. Regarding the second sentence, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

151.    Defendants deny the allegations.

152.    Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the actions authorized in the Baby Bear Timber Stand and Wildlife Habitat Improvement Project Decision Memo, but deny any

characterizations contrary to the plain language, meaning, and context of that document. Regarding the second sentence, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

153.   Defendants admit that Plaintiffs purport to characterize the contents of the Baby Bear Timber Stand and Wildlife Habitat Improvement Project Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of that document.

154.   Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the contents of the Baby Bear Timber Stand and Wildlife Habitat Improvement Project Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of that document. Regarding the second sentence, Defendants deny the allegations.

155.   Defendants admit the allegations.

156.   Defendants deny the allegations.

157.   Defendants admit that Plaintiffs assert legal conclusions regarding judicial review, to which no response is required.

### The Bear Wallow Timber Stand and Wildlife Habitat Improvement Project

158.   Defendants admit the allegations with the clarification that it was the

proposed Bear Wallow Timber Stand and Wildlife Habitat Improvement Project.

159.    Defendants admit that Plaintiffs purport to characterize the contents of the public notice, but deny any characterizations contrary to the plain language, meaning, and context of the public notice.

160.    Defendants admit the allegations.

161.    Defendants admit the allegations.

162.    Defendants admit that Plaintiffs purport to characterize their scoping comments and arguments, but deny any characterizations contrary to the actual contents of the comments and deny the validity of Plaintiffs' arguments.

163.    Defendants deny the allegations.

164.    Defendants admit the allegations, with the clarification that it is the Bear Wallow Timber Stand and Wildlife Habitat Improvement Project.

165.    Defendants admit the allegations.

166.    Regarding the first sentence, Defendants admit that a portion of the Bear Wallow Timber Stand and Wildlife Habitat Improvement Project area is adjacent to the Baby Bear Timber Stand and Wildlife Habitat Improvement Project area. Regarding the second sentence, Defendants admit the allegations.

167.   Defendants admit that Plaintiffs purport to characterize the "stated purpose" of two projects and the specific actions authorized by two project decision memos, but deny any characterizations contrary to the plain language, meaning, and context of the two decision memos.

168.   Defendants admit that Plaintiffs purport to characterize the discussion in two decision memos, but deny any allegations contrary to the plain language, meaning, and context of the memos.

169.   Defendants admit that Plaintiffs purport to characterize the actions authorized in the Bear Wallow Timber Stand and Wildlife Habitat Improvement Project Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of the document.

170.   Regarding the first sentence, Defendants admit the allegations. Regarding the second sentence, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

171.   Defendants admit that Plaintiffs purport to characterize the contents of the Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of the document.

172.   Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the actions authorized in the Bear Wallow Timber Stand and Wildlife Habitat Improvement Project Decision Memo, but deny any

characterizations contrary to the plain language, meaning, and context of that document.  Regarding the second sentence, Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations.

173.   Defendants admit that Plaintiffs purport to characterize the contents of the Bear Wallow Timber Stand and Wildlife Habitat Improvement Project Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of that document.

174.   Regarding the first sentence, Defendants admit that Plaintiffs purport to characterize the contents of the Bear Wallow Timber Stand and Wildlife Habitat Improvement Project Decision Memo, but deny any characterizations contrary to the plain language, meaning, and context of that document. Regarding the second sentence, Defendants deny the allegations.

175.   Defendants admit the allegations.

176.   Defendants deny the allegations.

177.   Defendants admit that Plaintiffs assert legal conclusions regarding judicial review, to which no response is required.

### *Other CE-6 Projects*

178.   Defendants deny.

179.   Defendants admit, except they deny that Plaintiffs' characterization of

the proposed project is complete and accurate.

180.   Defendants deny, as the Forest Service has cancelled the Ninemile Fuelbreak and Timber Stands Improvement Project.  Apart from that, Defendants admit that Plaintiffs purport to characterize the scoping notice, but deny any characterizations contrary to the language of the notice.

181.   Defendants admit.

182.   Defendants admit.

183.   Defendants admit that Plaintiffs purport to characterize the scoping notice, but deny any characterizations contrary to the language of the notice.

184.   Defendants admit, except deny with regard to WildEarth Guardians.

### *Procedural History*

185.   Regarding the first sentence, Defendants admit.  Regarding the second sentence, Defendants admit that Plaintiffs brought two claims for relief and that Plaintiffs otherwise characterize their two claims/theories, but deny any characterizations contrary to the allegations in the original complaint.

186.   Regarding the first and fourth sentences, Defendants admit. Regarding the second and third sentence, Defendants admit that Plaintiffs characterize this Court's ruling, but deny any characterizations contrary to the language of this Court's ruling.

187.   Defendants admit.

188.   Regarding the first sentence, Defendants admit.  Regarding the second and third sentences, Defendants admit the alleged dates of the parties' letters and otherwise admit that Plaintiffs purport to characterize the contents of the letters, but deny any characterizations contrary to the language in the letters themselves.

189.   Regarding the first sentence, Defendants admit.  Regarding the remaining sentences, Defendants admit that Plaintiffs characterize the Ninth Circuit's ruling, but deny any characterizations contrary to the language of the ruling itself.

190.   Defendants admit that Plaintiffs accurately quote from the Ninth Circuit's ruling.

<strong><u>FIRST CLAIM FOR RELIEF</u><br>(NEPA)</strong>

191.   [Deleted]

<strong><u>SECOND CLAIM FOR RELIEF</u><br>(NEPA)</strong>

192.   Defendants incorporate by reference their responses to all preceding paragraphs in the complaint.

193.   Defendants admit that Plaintiffs purport to characterize legal requirements under NEPA, but deny any characterizations contrary to the plain language, meaning, and context of the statute.

Page 37      Defendants' Answer to First Amended/Supplemental Complaint; *Oregon Wild, et al. v. United States Forest Service, et al.*, Case No. 1:22-cv-01007-MC

194.   Defendants admit that CEQ issued NEPA regulations, and that Plaintiffs characterizes the content of these regulations, but deny any characterizations contrary to the plain language, meaning, and context of the regulations.

195.   Defendants admit that Plaintiffs characterizes the provisions of a CEQ NEPA regulation, but deny any characterizations contrary to the plain language, meaning, and context of the regulation.

196.   Defendants admit that Plaintiffs assert a legal conclusion, to which no response is required.  To the extent a further response is deemed required, Defendants deny.

197.   Defendants deny.

198.   Defendants admit that Plaintiffs assert a legal conclusion, to which no response is required.  To the extent a further response is deemed required, Defendants deny.

199.   Defendants admit that Plaintiffs purport to characterize a Federal Register publication and the legal ambit of Forest Service regulations, but deny any characterizations contrary to the plain language, meaning, and context of the Federal Register publication and the Forest Service regulations.

200.   Defendants deny the allegations, except they admit that the Forest

Service has promulgated various CEs, each with its own limitations and/or provisions.

201.  Defendants admit that Plaintiffs purport to characterize the provisions of several regulations, but deny any characterizations contrary to the plain language, meaning, and context of these regulations.

202.  Defendants admit that Plaintiffs purport to characterize the Forest Service's intent in establishing limitations in several regulations, but deny any characterizations contrary to the plain language, meaning, and context of the Forest Service's statements in promulgating those regulations.

203.  Regarding the first sentence, Defendants deny the allegations. Regarding the second sentence, Defendants admit that Plaintiffs purport to characterize unidentified court rulings, but deny any characterizations contrary to the plain language, meaning, and context of such rulings.

204.  Defendants deny the allegations.

205.  Defendants deny the allegations.

206.  Regarding the first sentence, Defendants admit that the Forest Service applied CE-6 (and did not apply CE-25) for the Baby Bear Timber Stand and Wildlife Habitat Improvement Project, and otherwise deny the allegations as hypothetical. Regarding the second sentence, Defendants admit that Plaintiffs assert legal conclusions regarding a hypothetical scenario, to which

no response is required.

207.   Defendants deny the allegations.

208.   Defendants deny the allegations.

209.   Defendants deny the allegations.

## THIRD CLAIM FOR RELIEF
### (NEPA)

210.   Defendants incorporate by reference their responses to all preceding

paragraphs in the complaint.

211.   Regarding the first sentence, Defendants admit that the Forest Service

authorized three projects on the Forest in 2021 and 2022 that apply CE-6,

but otherwise deny any characterizations of the projects contrary to the

language of the project authorizations.  Regarding the second sentence,

Defendants deny.

212.   Defendants deny.

213.   Defendants deny.

The remainder of Plaintiffs' complaint consists of their Prayers for

Relief, to which no response is required. To the extent a response is deemed

required, Defendants deny that Plaintiffs are entitled to the relief requested

or to any relief whatsoever.

## DEFENDANTS' GENERAL DENIAL

Defendants deny each allegation in the complaint that they have not specifically admitted or otherwise responded to in this answer.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs' challenges to the Forest Service's CE-6 regulation are barred by the statute of limitations.

2. Plaintiffs are barred from advancing claims or issues they could have raised, but did not, in the earlier administrative proceedings regarding the three Fremont-Winema projects.

3. Plaintiffs lack the requisite "injury" for standing when they failed to participate in the administrative decisions that supposedly injured them and/or failed to raise their current objections during the administrative processes.

4. Plaintiffs may not rely on post-decisional, extra-record evidence to attack the agency actions at issue.

5. To the extent that Plaintiffs demand future application of the CEQ NEPA regulations, that demand is futile because those regulations have been withdrawn and removed and CEQ's authority to issue NEPA regulations has been rescinded.

6.  Plaintiffs' challenge is moot because CEQ's 40 C.F.R. § 1508.4 has been withdrawn and removed and the amended NEPA statute provides a new and different definition of a Categorical Exclusion.

7.  Plaintiffs' challenge to CE-6 is barred by laches.

## **DEFENDANTS' REQUEST FOR RELIEF**

WHEREFORE, Defendants respectfully request that this Court:

A.    Dismiss Plaintiffs' complaint with prejudice;

B.    Deny Plaintiffs all relief requested;

C.    Enter judgment against Plaintiffs and for Defendants;

D.    Award Defendants their costs in this action including their necessary costs for copying the administrative records; and

E.    Provide Defendants such other relief as this Court deems just and equitable.

Dated this 25th day of April 2025.

> Respectfully submitted,
>
> WILLIAM M. NARUS
> Acting United States Attorney
> District of Oregon
>
> */s/ Sean E. Martin*
> SEAN E. MARTIN
> Assistant United States Attorney