Oliver J. H. Stiefel, OSB # 135436
(503) 227-2212 │ oliver@crag.org
Meriel L. Darzen, OSB # 113645
(503) 525-2725 │ meriel@crag.org
CRAG LAW CENTER
3141 E. Burnside St.
Portland, Oregon 97214
Fax: (503) 296-5454

Erin E. Hogan-Freemole, OSB # 212850
(971) 417-6851 │ ehoganfreemole@wildearthguardians.org
WILDEARTH GUARDIANS
213 SW Ash Street, Suite 202
Portland, OR 97204

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **OREGON WILD**, an Oregon nonprofit corporation; **WILDEARTH GUARDIANS**, a New Mexico nonprofit corporation; and **GO Alliance**, an Oregon nonprofit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES FOREST SERVICE**, **DONALD ASHCRAFT**, in his official capacity as Lakeview Ranger District Ranger; **JEANNETTE WILSON**, in her official capacity as Silver Lake Ranger District Ranger; **TOM SHULTZ**, in his official capacity as Chief of the U.S. Forest Service; and **BROOKE ROLLINS**, in her official capacity as Secretary of Agriculture,<br><br>Defendants. | Case No. 1:22-cv-01007<br><br>**THIRD DECLARATION OF DOUG HEIKEN** |

1

I, Doug Heiken, with full knowledge of the penalties for perjury, declare as follows:

1. The facts set forth in this declaration are based on my personal knowledge. If called as a witness in these proceedings, I could and would testify competently to these facts.

2. I reside in Eugene, Lane County, Oregon.

3. Since 1995 I have been employed full time by Oregon Wild, formerly Oregon Natural Resource Council (ONRC). I am part of a team of Oregon Wild employees and allies who monitor, review, and comment on projects affecting public lands.

4. I have been made aware that the Forest Service seeks to dismiss our challenge to the Fremont-Winema National Forest's approval of the South Warner, Baby Bear, and Bear Wallow Projects, and its unlawful adoption of CE Category 6. The Forest Service claims that Oregon Wild waived our right to challenge these large timber sales because nearly 20 years ago we failed to challenge the 2006 Jack Creek and Rock Creek Meadows Restoration and Fuel Reduction CE ("Jack/Rock Meadows Project") which may have included a small amount of wood removal under CE Category 10. Based on everything I know, these projects are not comparable, and it would be grossly unfair to deny our right to challenge these large timber sales because 20 years ago we failed to litigate a small project which we did not find objectionable.

5. The public was never put on notice that the Forest Service intended to rely on the CE(e)(6) until after the public comment period for the Jack/Rock Meadows Project was closed. The proposed action for the Jack/Rock Meadows Project was put out for notice and comment in late November or early December 2005. This Proposed Action document said that the Forest Service would be relying on CE Category 10, not Category 6.

6. The Legal Notice for the Jack/Rock Creek Meadows Project also said that the Forest Service would be relying on CE Category 10 to "remove dead lodgepole pines, thin overstocked

HEIKEN 3rd DECLARATION—1

live trees and remove lodgepole pine encroachment." This Legal Notice mentioned CE Category 6 in relation to another project called Round Meadow Riparian Restoration, but not for the Jack/Rock Meadows Project.

7. The Legal Notice triggered a 30-day public comment period for the Jack/Rock Creek Meadows Project. On or about December 12, 2005, Oregon Wild's predecessor ONRC submitted timely comments on the Project. I cannot find a copy of ONRC's comments for this project, but I can say with confidence that Oregon Wild has been consistently supportive of efforts to remove encroaching small trees from meadows that are suffering as a result of fire exclusion, which we have always distinguished from commercial timber sales.

8. Based on the Forest Service response to our comments, we asked "will you sell the large logs as a commercial timber sale?" and urged the Forest Service to use any wood removed from the site to aid in off-site restoration efforts such as adding wood to streams.

9. After the public comment period for the Jack/Rock Creek Meadows Project closed, the Forest Service issued a decision document that added CE Category 6 to the authorities relied on for this project. This was the first time the Forest Service suggested CE-6 was involved in the Jack/Rock Creek Meadows Project.

10. The decision document also responded to our comments. In response to our question "will you sell the large logs as a commercial timber sale?" the Forest Service stated that "merchantable dead trees would be offered commercially," mostly as firewood or chips. It also explained that it would use live trees in channel restoration projects.

11. When Oregon Wild asked its question about commercial removal of wood, the Forest Service had only mentioned approving the Jack/Rock Creek Meadows Project under CE-10.

HEIKEN 3rd DECLARATION—2

12. Oregon Wild did not appeal the Jack/Rock Creek Meadows Project, probably because we support such restoration projects.

13. In contrast, around that time (December 2005 and January 2006) Oregon Wild was involved in several large timber sales that had much greater potential impacts on the environment, including:

    a. The 10,000+acre Jakabe Project on the Paisley District of the Fremont National Forest;

    b. The 1,500-acre Pine Valley Project on the Wallowa-Whitman National Forest; and

    c. The 4,000-acre Canyon Creek WUI Project on the Malheur National Forest.

14. These larger logging projects, which were all developed using Environmental Assessments, are more similar to the CE projects we are challenging now than to the way the Jack/Rock Creek Meadows Project was described. The low level of wood removal that project authorized is not at all comparable to the trade-offs involved in a large commercial timber sale.

15. Further, I doubt that Oregon Wild was even aware of the Forest Service's late addition of CE Category 6 to the authorities relied on for the Jack/Rock Creek Meadows Project.

16. Oregon Wild was unlikely to have associated the late addition of CE Category 6 authority to our earlier question about selling logs commercially as part of the Jack/Rock Creek Meadows Project, or the Forest Service's response that it would offer some of the dead trees as firewood, chips, or sawlogs. Again, when we asked that question the Forest Service had not informed the public that CE Category 6 was part of that project.

17. I have reviewed the decision document, the legal notice, and the response to our questions for the Jack/Rock Creek Meadows Project, which confirm my understanding that the Forest Service did not authorize any timber sales under Category 6, and that any *de minimis* commercial wood removal was done under Category 10. In the legal notice, the Forest Service

HEIKEN 3rd DECLARATION—3

stated that it would cut dead trees in the Jack/Rock Creek Meadows Project under Category 10, and small live trees in the Round Meadows Restoration Project under Category 6. In response to our questions, the Forest Service discussed selling "merchantable dead trees" and using live trees for stream restoration projects. There was no reason for Oregon Wild to believe that the Forest Service was authorizing any timber sales under Category 6.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this 21st day of August, 2025.

*Doug Heiken*

_____

Doug Heiken

HEIKEN 3rd DECLARATION—4