**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB #054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone: (503) 727-1010
      Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **OREGON WILD**; **WILDEARTH GUARDIANS**; and **GO ALLIANCE**,<br><br>      Plaintiffs,<br><br>v.<br><br>**UNITED STATES FOREST SERVICE**; **DONALD ASHCRAFT**; **JEANNETTE WILSON**; **TOM SCHULTZ**; and **BROOKE ROLLINS**,<br><br>      Defendants. | Case No. 1:22-cv-01007-MC<br><br>**DEFENDANTS' MOTION FOR RELIEF UNDER FED. R. CIV. P. 60 AND/OR FED. R. CIV. P. 59(e)** |

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to LR 7-1(a), counsel for the parties conferred by phone on February 9, 2026, and Plaintiffs took no position on the instant motion as outlined by undersigned counsel; Plaintiffs reserved their right to file a response.

## MOTION

Defendants respectfully request that this Court provide relief under Fed. R. Civ. P. 60 and/or 59(e) regarding its summary judgment opinion and order and judgment, ECF 88-89.

## INTRODUCTION

To the extent this Court vacated CE-6 in its entirety, beyond its application to commercial thinning, that is mistake or clear error that this Court should correct under Fed. R. Civ. P. 60 or 59(e). Plaintiffs' claims and requests for relief—and their asserted injury—encompass a challenge to commercial thinning under CE-6. Therefore, an appropriate remedy must correspond to these claims, requests for relief, and the asserted injury.

Apart from this issue, relief under Fed. R. Civ. P. 60 or 59(e) is warranted because this Court did not account for the disruptive consequences of vacatur, after declining Defendants' request for remedy proceedings. Further, it is unclear whether this Court's vacatur of "all future Forest

Page 1   Defendants' Motion for Relief Under Fed R. Civ. P. 60 and/or 59(e)

Service actions that are not final agency actions" as of January 13, 2026 (ECF 88 at 27; ECF 89 at 1), is meant to encompass future National Environmental Policy Act ("NEPA") decisions that rely on CE-6, or also any future agency actions that may be necessary to implement NEPA decisions under CE-6 that the agency already made before January 13, 2026.  The broader the intended meaning of the term, the more disruptive the consequences.  This Court should therefore remand without vacatur or undertake remedy proceedings.

## LEGAL STANDARDS

Under Fed. R. Civ. P. 60(a), a district court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

Under Fed. R. Civ. P. 60(b), a district court may provide relief from a final judgment or order for reasons including "mistake" or "any other reason that justifies relief."

Under Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment is appropriate for reasons including if the district court committed a clear error or if its initial decision was manifestly unjust. *See Sissoko v. Rocha*, 440 F.3d 1145, 1153-54 (9th Cir. 2006).

//

Page 2     Defendants' Motion for Relief Under Fed R. Civ. P. 60 and/or 59(e)

## FACTUAL BACKGROUND

This action focused on commercial thinning authorized under the NEPA categorical exclusion known as CE-6. ECF 88, Opinion and Order at 3. Established in 1992, CE-6 applies to "[t]imber stand and/or wildlife habitat improvement activities that do not include the use of herbicides or do not require more than 1 mile of low standard road construction," including activities such as:

   i.  Girdling trees to create snags;

   ii. Thinning or brush control to improve growth or to reduce fire hazard including the opening of an existing road to a dense timber stand;

   iii. Prescribed burning to control understory hardwoods in stands of southern pine; and

   iv. Prescribed burning to reduce natural fuel build-up and improve plant vigor.

ECF 88 at 3. *See also Mtn. Cmtys. for Fire Safety v. Elliott*, 25 F.4th 667, 675 (9th Cir. 2022) (discussing CE-6).

Plaintiffs' operative complaint alleged procedural violations regarding the application of CE-6 to "commercial logging." *See* ECF 60 ¶¶ 196-98, 209, 212. Plaintiffs alleged no claims against CE-6 in the context of non-

commercial thinning, prescribed burning, girdling trees, or other timber stand or wildlife habitat improvement actions.  Plaintiffs alleged injury to their interests only regarding "commercial logging operations." *Id*. ¶ 35; ECF 68 at 30-31.  Plaintiffs requested relief only against "commercial logging operations" under CE-6.  ECF 60 ¶¶ 20-21.  In their Prayers for Relief, Plaintiffs asked that CE-6 be vacated only "as applied to commercial logging operations." *Id*. Prayers for Relief D.

In their merits briefing, Plaintiffs represented that CE-6 should be vacated only regarding commercial logging.  ECF 68 at 3-4, 46-48.  Plaintiffs did not request vacatur of CE-6 in the context of non-commercial thinning, prescribed burning, girdling trees, or other timber stand or wildlife habitat improvement actions.  Plaintiffs agreed that adverse environmental effects "do not typically result from non-commercial operations." *Id*. at 18-19.  *See also* ECF 76 at 24, 38, 40, 44 (Plaintiffs' summary judgment reply brief).

In their merits briefing, Defendants requested further proceedings regarding an appropriate remedy, if this Court ruled in any respect for Plaintiffs.  *See* ECF 72 at 58-59; ECF 83 at 44.

After merits briefing and argument, this Court issued an opinion and order deciding the parties' cross-motions for summary judgment.  This Court found that the Forest Service's "decision to promulgate CE-6 as allowing

unlimited commercial thinning was arbitrary and capricious." ECF 88 at 23. This Court found that the Forest Service "did not support its decision that allowing commercial thinning with no acreage cap would have only insignificant effects on the environment." *Id*. at 25.

This Court's opinion and order did not set further proceedings on remedy, but instead vacated/set aside CE-6 "as to all future Forest Service actions that are not final agency actions as of the date of this Order." *Id*. at 27. This Court also set aside "the approvals of the South Warner Project, Baby Bear Project, and Bear Wallow Project." *Id*.

Following its opinion and order, this Court issued a separate judgment stating that CE-6 is "arbitrary and capricious" because "Defendants failed to make the required findings that commercial thinning operations do not cause significant environmental effects." ECF 89 at 1. The judgment reiterated the vacatur remedy outlined in the opinion and order. *Id*. at 1-2. Vacatur is an "extraordinary" equitable remedy. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994).

//

Page 5    Defendants' Motion for Relief Under Fed R. Civ. P. 60 and/or 59(e)

# ARGUMENT

## I. To the extent this Court vacated CE-6 in its entirety, that is mistake or clear error warranting relief.

To the extent this Court vacated CE-6 in its entirety—beyond its application to commercial thinning—that is mistake or clear error warranting relief under Fed. R. Civ. P. 60 or 59(e).

Plaintiffs challenged CE-6 only as to commercial thinning. Plaintiffs asserted injury/standing only as related to the use of CE-6 for commercial thinning, and they requested relief only against the use of CE-6 for commercial thinning. Plaintiffs raised no challenge to CE-6 in the context of other activities including non-commercial thinning, prescribed burning, or girdling trees.

A court may not impose remedies that go beyond a plaintiff's established injury. "A plaintiff's remedy must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 585 U.S. 48, 73 (2018). A plaintiff's remedy "must . . . be limited to the inadequacy that produced the injury in fact that the plaintiff has established." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006) (cleaned up). *See also id.* ("[S]tanding is not dispensed in gross.") (cleaned up).

Similarly, courts may not unilaterally enter judgments that go beyond the claims asserted in the operative pleadings. Here, because Plaintiffs'

operative complaint asserted claims tailored to the Forest Service's authorization of commercial thinning under CE-6, relief must be tailored to the extent of those claims. Under well-settled Ninth Circuit authority, "a court may not, without the consent of all persons affected, enter a judgment which goes beyond the claim asserted in the pleadings." *Quiksilver, Inc. v. Kymsta Corp.*, 466 F.3d 749, 754 n.4 (9th Cir. 2006). *See also Crawford v. Gould*, 56 F.3d 1162, 1169 (9th Cir. 1995) (holding that "the district court did not have the authority to address an issue the parties did not raise"). Therefore, to the extent this Court vacated CE-6 in its entirety, that is mistake or clear error warranting relief under Fed. R. Civ. P. 60 or 59(e).

      This Court's vacatur order sets aside CE-6 "as to all future Forest Service actions that are not final agency actions" as of January 13, 2026. ECF 88 at 27. But if that vacatur applies to future CE-6 actions beyond those regarding commercial thinning, Defendants respectfully submit that this constitutes mistake or clear error warranting relief. That is because this action challenged CE-6 only in the context of commercial thinning.

//

Page 7      Defendants' Motion for Relief Under Fed R. Civ. P. 60 and/or 59(e)

## II. This Court did not account for the disruptive consequences of vacatur and should remand without vacatur or undertake remedy proceedings.

Apart from the above concern, Defendants request that this Court reconsider its remedy order and instead remand without vacatur—or undertake further proceedings before determining a remedy. That is warranted here because this Court's opinion and order (ECF 88) did not weigh the disruptive consequences of vacatur.

In addressing remedy, this Court briefly referenced the controlling two-part equity test for whether an agency action should be vacated after it is found not in accordance with law. *See* ECF 88 at 25 (citing *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012)). However, this Court did not apply the second part of the test—it did not weigh the disruptive consequences of vacatur. This constitutes mistake or error warranting relief under Fed. R. Civ. P. 60 or 59. *See Oregon Nat. Desert Ass'n v. Zinke*, 250 F. Supp. 3d 773, 774-75 (D. Or. 2017) (discussing and applying both parts of the vacatur test).

Equity requires consideration of "competing claims of injury . . . and the effect on each party [and third parties] of the granting or withholding of the requested relief." *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1343 (9th Cir. 1995) (cleaned up). Courts should similarly consider "the possibility of

Page 8    Defendants' Motion for Relief Under Fed R. Civ. P. 60 and/or 59(e)

undesirable consequences which we cannot now predict that might result from [vacatur]." *W. Oil & Gas Ass'n v. EPA*, 633 F.2d 803, 813 (9th Cir. 1980) (emphasizing that "intervention into the process of environmental regulation, a process of great complexity, should be accomplished with as little intrusiveness as feasible").

Vacatur would disrupt numerous timber stand and wildlife habitat improvement projects presently in the decision-making pipeline and may also disrupt those projects already past the NEPA decision point. *See* Declaration of Joshua White ("White Decl.") ¶¶ 8-11, 14. The wording of this Court's vacatur order encompasses not only commercial thinning work but also all other work authorized under CE-6, including the type of projects that have been undertaken for decades since CE-6's promulgation in 1992. *See supra* Argument I.

This vacatur will frustrate, on a national level, important efforts to efficiently address forests at risk for wildfire or insect/disease infestation and wildlife habitats in need of improvement. *See* White Decl. ¶¶ 8-11, 14. Vacatur will obligate the Forest Service to reconfigure and reanalyze projects that have in some cases been in the NEPA planning process for years—and apparently even projects already past the planning process.

Page 9     Defendants' Motion for Relief Under Fed R. Civ. P. 60 and/or 59(e)

Vacatur is also especially disruptive because this Court's remedy order is unclear as to its extent. Illustratively, this Court imposed vacatur as to "all future Forest Service actions that are not final agency actions" as of January 13, 2026 (ECF 88 at 27; ECF 89 at 1). It is unclear whether this Court intended to encompass future NEPA decisions that rely on CE-6, or also any future agency actions that may be necessary to implement NEPA decisions under CE-6 that the agency made before January 13, 2026. *See* White Decl. ¶ 14. The broader this Court's intended meaning, the more disruptive the consequences of vacatur.

In addition, although this Court did not discuss whether it considered any economic impacts from vacatur, vacatur would lead to disruptive consequences by creating adverse economic impacts to local industries and rural communities. *See* White Decl. ¶¶ 11-12; *Oregon Nat. Desert Ass'n*, 250 F. Supp. 3d at 775 (noting that economic impacts are "a worthy consideration with respect to the disruptive consequences of vacatur").

For these reasons, this Court should reconsider its remedy order and remand without vacatur—or undertake remedy proceedings before determining a course. With the instant motion, Defendants have supplied preliminary evidence regarding the disruptive consequences of vacatur but

Page 10     Defendants' Motion for Relief Under Fed R. Civ. P. 60 and/or 59(e)

would be able to provide a more robust presentation if given the opportunity to fully brief the issue in remedy proceedings.

## CONCLUSION

To the extent this Court vacated CE-6 in its entirety, beyond its application to commercial thinning, that is mistake or clear error that this Court should correct under Fed. R. Civ. P. 60 or 59(e).

In addition, because this Court did not account for the disruptive consequences of vacatur, this Court should reconsider its remedy order under Fed. R. Civ. P. 60 or 59(e) and remand without vacatur—or undertake further proceedings before determining remedy. If the Court denies this requested relief, the government respectfully requests clarification as to whether "all future Forest Service actions that are not final agency actions" as of January 13, 2026 encompasses future NEPA decisions that rely on CE-6, or also any future agency actions that may be necessary to implement NEPA decisions under CE-6 that the agency made before January 13, 2026. Such clarification would ensure the agency has clarity on how to comply with this Court's order and judgment. *See* White Decl. ¶ 14.

//

Dated this 10th day of February 2026.

> Respectfully submitted,
>
> SCOTT E. BRADFORD
> United States Attorney
> District of Oregon
>
> */s/ Sean E. Martin*
> SEAN E. MARTIN
> Assistant United States Attorney
> Attorneys for Defendants