**SCOTT E. BRADFORD, OSB #062824**
United States Attorney
District of Oregon
**SEAN E. MARTIN, OSB #054338**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
sean.martin@usdoj.gov
Telephone: (503) 727-1010
      Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **OREGON WILD**; **WILDEARTH GUARDIANS**; and **GO ALLIANCE**,<br><br>    Plaintiffs,<br><br>v.<br><br>**UNITED STATES FOREST SERVICE**; **DONALD ASHCRAFT**; **JEANNETTE WILSON**; **TOM SCHULTZ**; and **BROOKE ROLLINS**,<br><br>    Defendants. | Case No. 1:22-cv-01007-MC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RELIEF UNDER FED. R. CIV. P. 60 AND/OR FED. R. CIV. P. 59(e)** |

**1.    Vacatur of CE-6 in its entirety is a mistake or clear error.**

As Defendants established, to the extent this Court vacated CE-6 in its entirety—beyond its application to commercial thinning—that is a mistake or clear error that this Court should correct under Fed. R. Civ. P. 60 or 59(e). *See* ECF 92 pp. 7-8.

Plaintiffs' claims and requests for relief in this action—and their asserted injury—encompassed only a challenge to commercial thinning under CE-6. An appropriate remedy must correspond to Plaintiffs' claims, requests for relief, and their asserted injury. "A plaintiff's remedy must be tailored to redress the plaintiff's particular injury." *Gill v. Whitford*, 585 U.S. 48, 73 (2018). A plaintiff's remedy "must . . . be limited to the inadequacy that produced the injury in fact that the plaintiff has established." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 353 (2006) (cleaned up). *See also id.* ("[S]tanding is not dispensed in gross.") (cleaned up).

Plaintiffs are wrong that they were "entitled to" vacatur of CE-6 in its entirety. That is because Plaintiffs did not claim or attempt to establish any injury except regarding the use of CE-6 to approve commercial thinning operations. Defendants did not challenge Plaintiffs' standing to challenge CE-6 regarding commercial thinning. This said, vacatur of CE-6 regarding all other timber stand and/or wildlife habitat improvement activities goes

Page 1    Defendants' Reply in Support of Motion for Relief Under Fed R. Civ. P. 60 and/or 59(e)

well beyond Plaintiffs' claims, requests for relief, and their purported standing. *See* ECF 92 pp. 3-6, 6-7.

Plaintiffs take no position on clarifying the scope of this Court's vacatur ruling, yet say that full vacatur was nonetheless appropriate. ECF 94 p. 6 (citing *Sierra Club v. Bosworth*, 510 F.3d 1016 (9th Cir. 2017) and *Heartwood v. U.S. Forest Serv.*, 73 F. Supp. 2d 962, (S.D. Ill. 1999)). But both *Bosworth* and *Heartwood* involved across-the-board challenges to entire CEs for which the plaintiffs requested relief that the CEs be declared null and void, rather than Plaintiffs' targeted challenge here to certain land management activities under CE-6.

Plaintiffs try to broaden their case, suggesting that vacatur of CE-6 in the context of noncommercial thinning was appropriate. ECF 94 p. 7. This is unconvincing and is undermined by Plaintiffs' representations. Plaintiffs in summary judgment represented that commercial logging, "relative to other vegetation management activities," has unavoidable adverse effects on water quality, soil, and wildlife habitat. ECF 68 pp. 18-19. Plaintiffs acknowledged, "[t]hese effects do not typically result from non-commercial operations." *Id.* p. 19. Even now, Plaintiffs argue that the vacatur of future Forest Service actions is appropriate given this Court's concerns with commercial thinning, rather than other activities under CE-6. *See* ECF 94 p.

Page 2    Defendants' Reply in Support of Motion for Relief Under Fed R.
         Civ. P. 60 and/or 59(e)

12 (arguing that this Court's remedy ruling "appropriately" addresses the harm of future Forest Service approvals of commercial thinning under CE-6).

Plaintiffs, meanwhile, do not identify any concerns with any of the other activities authorized under CE-6, including prescribed burning, brush control, and girdling trees. *See* ECF 88 p. 3. This highlights Defendants' concerns with the overbreadth of this Court's vacatur ruling.

Nor could Defendants have reasonably made their overbreadth arguments earlier, because Plaintiffs signaled only concerns—and pursued standing—regarding commercial thinning under CE-6. It would have been premature and speculative for Defendants to attempt to predict the contours of a future remedy ruling, not even knowing the nature of this Court's ruling on the merits. Instead, Defendants requested remedy proceedings if this Court ruled in any respect for Plaintiffs on the merits. See ECF 83 p. 44.

To the extent this Court vacated CE-6 in its entirety, that was mistake or clear error warranting relief under Fed. R. Civ. P. 60 and/or 59(e).

### 2. This Court should clarify its vacatur of future Forest Service "final agency actions."

Defendants also respectfully request clarity as to this Court's vacatur of "all future Forest Service actions that are not final agency actions" as of January 13, 2026 (ECF 88 at 27; ECF 89 at 1). Did this Court mean to vacate future National Environmental Policy Act ("NEPA") decisions (regarding

Page 3     Defendants' Reply in Support of Motion for Relief Under Fed R. Civ. P. 60 and/or 59(e)

commercial thinning or otherwise) that may rely on CE-6? Or did this Court more broadly mean to vacate any future Forest Service agency actions including non-NEPA decisions, contracts, and other agreements (regarding commercial thinning or otherwise) that may be necessary to implement NEPA decisions under CE-6 that the Forest Service already made before January 13, 2026?

Clarifying the intended scope of this aspect of this Court's vacatur ruling, and this Court's rationale for such vacatur of future agency actions, is important for avoiding uncertainty and ensuring appropriate compliance with this Court's ruling.[1] For example, for CE-6 projects that, before January 13, 2026, had signed NEPA decisions and executed timber sale contracts, it is important for the Forest Service to understand whether this Court intended to vacate all planned contracts or agreements for fuels reduction and reforestation/planting work that would follow the completion of the timber sale contracts.

---

[1] Plaintiffs "take no position" on Defendants' requested clarification but at the same time argue that this Court's remedy ruling is clear and "applies to any agency action which is not yet final." ECF 94 pp. 7-8. This argument begs the question of which "not yet final" agency actions this Court meant to sweep into its vacatur ruling, and why those future actions are vacated (whether NEPA decisions or other actions, and whether related to CE-6 commercial thinning or otherwise).

Page 4    Defendants' Reply in Support of Motion for Relief Under Fed R. Civ. P. 60 and/or 59(e)

### 3. This Court did not account for the disruptive consequences of vacatur and should undertake further remedy proceedings.

Apart from the above concerns, Defendants respectfully request that this Court reconsider its remedy order, because this Court's opinion and order (ECF 88) did not weigh the disruptive consequences of vacatur. Remedy proceedings are appropriate, or remand without vacatur.

In addressing remedy, this Court briefly referenced the two-part test for whether an agency action should be vacated. *See* ECF 88 at 25 (citing *Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012)). But this Court did not apply the second part of the test—it did not weigh the disruptive consequences of vacatur. *See Oregon Nat. Desert Ass'n v. Zinke*, 250 F. Supp. 3d 773, 774-75 (D. Or. 2017) (discussing and applying both parts of the vacatur test).

Plaintiffs argue that this Court "amply explained why remand without vacatur is appropriate." ECF 94 p. 13. But this Court did not weigh the disruptive national consequences of vacating CE-6 for noncommercial thinning, prescribed burning, and other timber stand/wildlife habitat activities—and did not weigh the disruptive national consequences of a broad vacatur of unspecified future "final agency actions" that relate to CE-6 projects. Further, this Court did not account for any economic impacts from

Page 5    Defendants' Reply in Support of Motion for Relief Under Fed R. Civ. P. 60 and/or 59(e)

vacatur, although vacatur would lead to adverse economic impacts to local industries and rural communities. *See* ECF 93 ¶¶ 11-12; *Oregon Nat. Desert Ass'n*, 250 F. Supp. 3d at 775 (noting that economic impacts are "a worthy consideration with respect to the disruptive consequences of vacatur").

Plaintiffs argue that Defendants "already had their opportunity to discuss remedy, just as Plaintiffs did." ECF 94 p. 8. But Plaintiffs never discussed vacating CE-6 apart from commercial thinning operations. It would put the proverbial cart before the horse to require remedy briefing in a vacuum, before any adjudication of the merits of a plaintiff's claims, especially if court orders relief beyond the scope of a plaintiff's requested remedy. Plaintiffs argue that a non-party amicus brief addressed vacatur, but that briefing only addressed the potential vacatur of commercial thinning under CE-6 (ECF 74-1 at 23-24), rather than the broader vacatur this Court ordered in the absence of remedy proceedings.

Plaintiffs claim that the Forest Service already took the opportunity to brief the disruptive consequences of vacatur with the Kinder Declaration. *See* ECF 94 p. 9. But that declaration was plainly in support of the government's laches defense against Plaintiffs' claim during merits briefing, not as remedy evidence under the two-part vacatur test. *See* ECF 72 p. 35; ECF 73.

Page 6     Defendants' Reply in Support of Motion for Relief Under Fed R.
           Civ. P. 60 and/or 59(e)

For these reasons, this Court should reconsider its remedy ruling and undertake further proceedings before establishing the appropriate remedy, or remand without vacatur.

## CONCLUSION

For these reasons, this Court should grant Defendants' motion.

Dated this 6th day of March 2026.

                            Respectfully submitted,

                            SCOTT E. BRADFORD
                            United States Attorney
                            District of Oregon

                            */s/ Sean E. Martin*
                            SEAN E. MARTIN
                            Assistant United States Attorney