IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| OREGON WILD, WILDEARTH GUARDIANS, and GO ALLIANCE, | Case No. 1:22-cv-01007-MC |
| Plaintiffs, | ORDER |
| v. | |
| UNITED STATES FOREST SERVICE, DONALD ASHCRAFT, in his official capacity as Lakeview Ranger District Ranger, JEANNETTE WILSON, in her official capacity as Silver Lake Ranger District Ranger, TOM SHULTZ, in his official capacity as Chief of the U.S. Forest Service, and BROOKE ROLLINS, in her official capacity as Secretary of Agriculture, | |
| Defendants. | |

MCSHANE, Judge:

For the reasons set forth below, Defendants' Motion for Relief Under FRCP 60 and/or FRCP 59(e) (ECF No. 92) is DENIED.

**BACKGROUND**

On remand following appeal, Plaintiffs Oregon Wild, WildEarth Guardians, and GO Alliance and Defendant U.S. Forest Service and agency officials filed cross motions for summary judgment. At issue were Plaintiff's claims under the Administrative Procedure Act ("APA") and the National Environmental Policy Act ("NEPA") concerning the promulgation of the categorical

1 – Order

exclusion ("CE") known as CE-6. Pls.' Mot. Summ. J., ECF No. 68; Defs.' Cross Mot. Summ. J., ECF No. 72. Plaintiffs asked the Court to declare CE-6 unlawful, set it aside, and halt certain projects in the Fremont-Winema National Forest. Am. Compl. ¶¶ 21–22, 192–213, ECF No. 60.

On January 13, 2026, the Court issued an Opinion and Order granting Plaintiffs' Motion for Summary Judgment and denying Defendants' Cross-Motion for Summary Judgment. Op., ECF No. 88. The Court found "CE-6" was "facially invalid because the Forest Service did not comply with the APA in promulgating it." *Id.* at 25. Accordingly, the Court "set[] aside CE-6 as to all future Forest Service actions that are not final agency actions as of the date of [its] Order." *Id.* at 27. The Court also set aside approvals of the South Warner Project, Baby Bear Project, and Bear Wallow Project that prompted the litigation and were approved relying on CE-6, but did not disturb existing contracts for sale of timber from those projects. *Id.*

A Judgment (ECF No. 89) followed:

> The Court REMANDS and SETS ASIDE CE-6 as to all future Forest Service actions that are not final agency actions as of the date of this Court's Order (ECF No. 88). Further, because they relied on CE-6, the Court SETS ASIDE the approvals of the South Warner Project, Baby Bear Project, and Bear Wallow Project (the "Projects"). Existing contracts regarding the sale of commercially thinned timber from the Projects are not affected, and Defendants are not precluded from completing an EA or EIS, or relying on a different CE, to support resuming the Projects.

On February 10, 2026, Defendants filed a timely Motion for Relief Under FRCP 60 and/or FRCP 59(e) seeking reconsideration of the Court's Opinion and Order and associated Judgment. Defs.' Mot., ECF No. 92.

## **LEGAL STANDARD**

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. AC & S, Inc.*, 5 F.3d

2 – Order

1255, 1263 (9th Cir. 1993); *Walker v. Or. Dep't of Hum. Servs.*, 2023 WL 11867118, at *1 (D. Or. July 12, 2023). Clear error occurs when "the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). Reconsideration under Fed. R. Civ. P. 59(e) or 60(b) is an "extraordinary remedy, to be used sparingly." *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). It is not a mechanism to reargue an issue based on facts or law that "could reasonably have been raised earlier." *Id.*; *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001).

## DISCUSSION

**I.     Reconsideration**

Defendants' primary contention is the Court's decision to set aside CE-6 was improper. Defs.' Mot. 6–7. The APA contemplates vacatur, partial or complete, authorizing courts to "hold unlawful and set aside" agency action found to be arbitrary, capricious, contrary to law, or taken without observance of procedure required by law. 5 U.S.C. § 706(2); *All. for the Wild Rockies v. U.S. Forest Serv.*, 907 F.3d 1105, 1121–22 (9th Cir. 2018). The Court set aside CE-6 in resolving Plaintiffs' claims under the APA and NEPA. *See* Pls.' Mot. Summ. J. 31–33; Defs.' Cross Reply Summ. J. 36–37, ECF No. 83. Finding CE-6 arbitrary and capricious, the Court set aside the rule, declining to attempt to "fashion a valid regulation" in its place. Op. 26; *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 681 (9th Cir. 2021); *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("If the record before the agency does not support the agency action, . . . , the proper course, except in rare circumstances, is to remand to the agency[.]").

Defendants' Motion misrepresents the contents of the Court's analysis of the need for and the propriety of vacatur—the Court drew reasoned conclusions as to the issues Defendants assert

it overlooked, especially with regard to the scope of relief and its consequences. Defs.' Mot. 8–10; Pls.' Resp. 10–13, ECF No. 94. Critically, Defendants do not present the Court with facts or arguments in briefing and a supporting declaration (White Decl., ECF No. 93) that could not reasonably have been raised earlier during the pendency of the case. *Caroll*, 342 F.3d at 945. Moreover, the declaration now provided following judgment does not introduce relevant evidence for the Court to alter its remedy. Defendants' declaration points out, "[a]pproximately 90 current projects are in the NEPA process and would rely on CE-6 for NEPA compliance," and attests to disruptive consequences insofar as yet-to-be approved projects "would need to be redesigned to fit another categorical exclusion or undergo an environmental assessment (EA)[,] [which] take roughly three times longer to complete than CEs." White Decl. ¶¶ 8–9; Kinder Decl. ¶¶ 2–3, ECF No. 73.

That an agency planned to rely on a rule that is later set aside does not entitle the agency to continue to rely on it; Defendants' argument would effectively mean vacatur is never appropriate, as even limited vacatur of a rule naturally disrupts an agency's ability to use the rule as it wishes. The disruptive consequences the Court considers are instead the concrete environmental and economic impacts of vacatur on existing, active projects, rather than inherently speculative disruption to governmental priorities or expediency.[1] *Earth Island Inst. v. Carlton*, 626 F.3d 462, 475 (9th Cir. 2010); *Cal. Cmtys. Against Toxics v. U.S. E.P.A.*, 688 F.3d 989, 993–94 (9th Cir. 2012); *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1405-06 (9th Cir. 1995). Having weighed the seriousness of the Forest Service's error against the relevant cumulative disruptive consequences, the Court set aside CE-6 *prospectively* and determined this case did not

---

[1] Especially in a case where, as here, the Court determined, given the nature of the agency's error, the agency would be unlikely to adopt the same rule on remand. Op. 25–26; *see, e.g.*, *Greenpeace, Inc. v. Cole*, 50 F. Supp. 3d 1158, 1170 (D. Alaska 2014); *All. for Wild Rockies v. Marten*, 2018 WL 2943251, at *4 (D. Mont. June 12, 2018).

4 – Order

fall into the "limited circumstances" that would call for remand without vacatur. *Kaweah Delta Health Care Dist. v. Becerra*, 123 F.4th 939, 953 (9th Cir. 2024) (citing *Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993)).

Defendants' request instead reflects mere disagreement with the Court's remedy, which Defendants have not demonstrated amounts to a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. July 18, 2016) (internal quotations omitted). The Court denies Defendants' request to reconsider the Opinion and Order (ECF No. 88) and Judgment (ECF No. 89).

## II.     Clarification

The Court set aside CE-6 "as to all future Forest Service actions that are not final agency actions as of [January 13, 2026]." ECF No. 89. To the extent the Court must clarify the scope of its remedy, it provides the following guidance that does not alter its Opinion and Order or Judgment. As used in the Court's Opinion and Order and Judgment, *final* agency action "mark[s] the consummation of the agency's decisionmaking process" and is an action "by which rights or obligations have been determined, or from which legal consequences will flow." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal quotations omitted); *Or. Nat. Desert Ass'n v. U.S. Forest Serv.*, 465 F.3d 977, 982 (9th Cir. 2006). Actions that represent "only steps leading to an agency decision" are thus not final agency actions. *See Ecology Ctr., Inc. v. U.S. Forest Serv.*, 192 F.3d 922, 925 (9th Cir. 1999). Accordingly, the Forest Service cannot "rely on CE-6" to issue a final agency action approving a project subject to NEPA as of January 13, 2026. Op. 27–28. A project that was subject to NEPA procedures and approved by final agency action consistent with those procedures (a "NEPA Project") prior to January 13, 2026 is unaffected. Subsequent actions the Forest Service takes to implement a NEPA Project that are not themselves subject to NEPA and

thus do not themselves rely on CE-6, in contrast to the final approval of the NEPA Project,[2] are unaffected. *See Env't Def. Ctr. v. Bureau of Ocean Energy Mgmt.*, 36 F.4th 850, 867–69 (9th Cir. 2022) (holding issuance of final NEPA documents that end the environmental review process is final agency action, even if distinct further actions, such as granting "site-specific permits," will follow from the final action); *see also Don't Cage Our Oceans v. U.S. Army Corps of Eng'rs*, 2025 WL 835058 (W.D. Wash. Mar. 17, 2025) (entering "prospective vacatur only, meaning that the six existing verifications may remain in place and any future projects must undergo individual permitting rather than approval via [vacated rule]"). Simply put, the Court's remedy setting aside CE-6 means the Forest Service cannot rely on CE-6 for NEPA compliance going forward as of January 13, 2026.

## CONCLUSION

Because Defendants do not assert any appropriate basis for the extraordinary relief of reconsideration under either Fed. R. Civ. P. 59(e) or 60(b), Defendants' Motion (ECF No. 92) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of March 2026.

s/Michael J. McShane
Michael J. McShane
United States District Judge

---

[2] "[I]ncluding non-NEPA decisions, contracts, and other agreements (regarding commercial thinning or otherwise)." Defs.' Reply 4–5, ECF No. 96.